SOUTHERN BELL TELEPHONE & TELE-
GRAPH CO. v. CALDWELL et al.
(two cases).

Nos. 9756, 9767.

Circuit Court of Appeals, Eighth Circuit.
Nov. 10, 1933.

Rehearing Denied Jan. 5, 1934.

John Mohler, of Kansas City, Mo., for appellant.

Joseph T. Owens, of Kansas City, Mo. (Chapman & Cutler, of Chicago, Ill., Hogsett, Smith, Murray & Trippe and Winger, Reeder, Barker & Hazard, all of Kansas City, Mo., Perry M. Chadwick, of Chicago, Ill., and Ralph E. Murray and Frank P. Barker, both of Kansas City, Mo., on the brief), for appellees.

Before GARDNER, WOODROUGH, and VAN VALKENBURGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal by the Southern Bell Telephone & Telegraph Company from an order in bankruptcy refusing to allow priority over mortgages and other debts to its claim against the Kentucky State Telephone Company, bankrupt. The Kentucky State Telephone Company is a telephone company organized under the laws of Kentucky, and its physical properties were connected up with those of the Southern Bell Telephone & Telegraph Company to effect general telephone service. The Kentucky Company became justly indebted in the sum of $8,808.47 to the Southern Bell Company for services rendered under written contract between the parties, containing no provision for security.

The gist of the argument in support of the claim for priority is that such a priority would be accorded on a claim like the appellant's in a mortgage foreclosure suit against a public utility in the federal court after the appointment of receivers. In such a case it is said the equity court would have regard to the public service character of the corporations, and would take into account all the duties, obligations, and incidents of such public service, and would, pursuant to rules that have been evolved, require a claim like appellant's to be paid out of operating receipts or the corpus of the property, ahead of the bonds and mortgages. The contention is that, since the utility can now be adjudicated in bankruptcy, the bankruptcy court ought to follow the same procedure.

The referee, in passing on this contention, says: "In the opinion of the undersigned, section 64b, section 104 (b), title 11 USCA of the Bankruptcy Act is exclusive as to the classes of debts which are entitled to priority in payment, in advance of payment of dividends to creditors, and petitioner's claim does not fall within any of the classes set forth in said section."

We agree with the conclusion of the referee. As this court said in Burton Coal Co. v. Franklin Coal Co., 67 F.(2d) 796, decided this term: "Some question is raised as to the equity jurisdiction of the bankruptcy court. That it is a court of equity in the sense that 'its judge and referees, in adjudging the rights of parties entitled to their decision, are governed by the principles and rules of equity jurisprudence,' is beyond question. Larson et al. v. First State Bank of Vienna, S. D., et al. (C. C. A. 8) 21 F.(2d) 936; In re Rochford (C. C. A. 8) 124 F. 182; In re Ben Boldt, Jr., Floral Co. (C. C. A. 10) 37 F.(2d) 499. It has not, however, plenary

jurisdiction in equity, but is confined, in the application of the rules and principles of equity, to the jurisdiction conferred upon it by the provisions of the Bankruptcy Act, reasonably interpreted. Johnson v. Norris (C. C. A. 5) 190 F. 459, L. R. A. 1915B, 884; In re Kane (C. C. A.) 127 F. 552. The plain mandate of the law cannot be set aside because of considerations which may appeal to referee or judge as falling within general principles of equity jurisprudence."

In this case it is plain that the Southern Bell Company had no lien upon any specific property of the bankrupt, nor upon the bankrupt's general estate resulting from any express or implied provision of the contract under which the services were rendered. No statute of a state or the United States accorded such a lien or priority, and there is no power vested in the bankruptcy court to order preferential payments because "of considerations which may appeal to referee or judge as falling within general principles of equity jurisprudence." Section 64b of the Bankruptcy Act, section 104 (b), title 11, USCA; section 107 (b), title 11, USCA.

It is conceded that there is no decision in bankruptcy affording any support to the appellant's claim of priority. The equity foreclosure cases like Miltenberger v. Logansport R. Co., 106 U. S. 308, 1 S. Ct. 140, 27 L. Ed. 117; Kneeland v. American Loan & Trust Co., 136 U. S. 89, 10 S. Ct. 950, 34 L. Ed. 379; Southern Ry. Co. v. Carnegie Steel Co., 176 U. S. 257, 20 S. Ct. 347, 44 L. Ed. 458; Gregg v. Metropolitan Trust Co., 197 U. S. 183, 25 S. Ct. 415, 49 L. Ed. 717; or the admiralty case, New York Dock Co. v. The Poznan, 274 U. S. 117, 47 S. Ct. 482, 71 L. Ed. 955; Chicago & Alton R. Co. v. U. S. & Mexican Trust Co. (C. C. A.) 225 F. 940, are without application, and we have no occasion to review them.

Affirmed.