## In re JAMES BUTLER GROCERY CO.
### No. 31619.

District Court, E. D. New York.
March 14, 1938.

Rabenold, Scribner & Miller, of New York City (Charles E. Scribner, of New York City, of counsel), for Harry Zalkin, trustee.

Nathan Schwartz, of New York City, for Albert Paper Box Co., Inc.

MOSCOWITZ, District Judge.

This matter arises upon the petition of Albert Paper Box Co., Inc., to review an order of the referee herein dated December 13, 1937, denying priority to its claim in the sum of $2,475.85.

The facts, submitted pursuant to stipulation, disclose that on March 19, 1935, James Butler Grocery Company filed a voluntary petition for reorganization under section 77B of the Bankruptcy Act, 11 U. S.C.A. § 207 and note, and its plan of reorganization was approved by the District Court in said proceedings on April 17, 1936. On June 29, 1936, the District Court made an order which provided, inter alia:

"4. That this Court reserve jurisdiction over the Debtor with respect to the obligations incurred by it as a going concern to the date of this decree pending the further report thereon by the Debtor to this Court.

"6. That the reorganization proceedings in this Court entitled 'In the Matter of James Butler Grocery Company, Debtor, No. 27789' be and hereby are terminated and finally closed, except as jurisdiction is herein expressly reserved."

On December 14, 1936, the debtor filed the voluntary petition in bankruptcy herein. The goods for which claimant seeks recovery were furnished to the bankrupt herein during the pendency of the reorganization proceedings. The claimant's debt fully accrued before the reorganization plan in the 77B proceedings had been consummated and confirmed.

It is claimant's contention that the indebtedness in question, having been incurred while the bankrupt was conducting its business under authority of the court in the 77B proceedings, became an administrative expense in said proceedings; that, as such administrative expense, it is entitled to priority over all creditors whose claims subsequently arose, upon liquidation in the present bankruptcy proceedings.

The hypothesis implicit in the contention is not necessarily acceptable. As an abstract proposition it may be conceded, arguendo, that the court in the 77B proceedings would have recognized the claim as entitled to priority. However, there is need to remember that no determination, by decree or otherwise, was ever made in said proceedings giving the claim a fixed and definite legal status as one entitled to priority therein. The bankrupt was never directed to pay the claim in the 77B proceedings as one preferred in law.

It may be assumed, without passing upon the point, that the claimant always had opportunity to assert the priority in the 77B proceedings; for, although the above-referred to order dated June 29, 1936, provided that the proceedings in reorganization be "terminated and finally closed," the court specifically reserved jurisdiction over the debtor with respect to the obligations incurred by it as a going concern to the date of said order. Section 77B (h) of the Bankruptcy Act, 11 U.S.C.A. § 207 (h), probably justified such procedure. Still, if the reservation of jurisdiction by the court was intended, as is probable, for the purpose of making the debtor satisfy the obligations designated pursuant to the court's direction at a date beyond that when the proceedings were closed, those intended to be benefited thereby risked too much by quiescence. Inherent in the purpose intended by the reservation was the warning that its accomplishment was not guaranteed by the court for all time, come what may. Events might conceivably occur which would hold the court's hand. Perhaps, in the light of the present proceedings, the court in charge of the 77B proceedings may now deem a declaration by it as to the claimant's priority under the obligations incurred by the bankrupt during the reorganization to be brutum fulmen. Apart from any question as to the powers and jurisdiction of the court in charge of the reorganization proceedings, this court cannot upon the facts presented in this proceeding hold that the claim herein involved is entitled to be recognized as a legal priority established in the 77B proceedings.

Section 64(b), 11 U.S.C.A. § 104 (b), of the Bankruptcy Act is exclusive as to the classes of debts which are entitled to priority in payment in strict bankruptcy proceedings, and there is no power vested in the bankruptcy court to order preferential payments not explicitly authorized by this section. Southern Bell Tel. & Tel. Co. v. Caldwell, et al., 8 Cir., 67 F.2d 802. The claim herein does not fall within any of the classes of debts defined by the section involved. This court cannot, therefore, allow the claim priority, even if it desired to do so, because of considerations of equity. Upon this point it need only be said that there is strong doubt whether as a matter of justice claimant should be entitled to greater rights than those creditors of the bankrupt whose claims arose subsequent to the decree terminating and closing the reorganization proceedings.

The cases cited by claimant, of which Matter of Teitelbaum Baking Company, Inc., unreported decision of Referee Eugene F. O'Connor, Jr., E.D.N.Y., Docket No. 27877, dated July 21, 1936, is typical, do not lead to a different result. The essential fact, not present here, in those cases was the entry of an order of liquidation in the reorganization proceedings pursuant to section 77B (k), 11 U.S.C.A. § 207(k). In the cases relied upon, there was continuous jurisdiction of the court both in the 77B proceedings and the bankruptcy proceedings, and when the latter proceedings took place under and pursuant to section 77B (k), that section controlled as to the priorities to be allowed in such proceedings. The incorporation of section 64(b) in section 77B (k) may perhaps justify a determination that in liquidation proceedings instituted under the latter section, the priorities set forth in section 64 (b) shall relate to and apply to claims based upon obligations incurred during the reorganization proceedings. However, there need be no determination here as to the propriety of a disposition to such effect. Enough for present purposes that the nature of the present proceedings is such that section 77B (k) is not applicable. The proceedings involving the reorganization of the bankrupt herein were finally terminated and closed by the order of the court in charge thereof, dated June 29, 1936. The present proceedings are not the result of an order of liquidation made and entered in the 77B proceedings, but rather the result of the filing of a voluntary petition in bankruptcy, and determination by this court as to the priorities allowable herein must be made in accordance with and pursuant to the priorities defined by section 64(b) and applicable in strict bankruptcy proceedings. The claim in issue is not covered by the statute, and accord-

1000

ingly the referee's report must be confirmed.

The disposition herein is not to be construed as an interpretation of, or limitation upon, such powers and jurisdiction as may be presently vested in the court in charge of the aforementioned reorganization proceedings.

Settle order on notice.