## In re WILKES-BARRE & E. R. CO.
### No. 9660.

District Court, M. D. Pennsylvania.
Aug. 18, 1942.

Thomas C. Evans, of Harrisburg, Pa., for petitioner Pennsylvania Department of Highways.

Leo W. White, of Pittston, Pa., for Joseph P. Jennings, trustee.

JOHNSON, District Judge.

This is a petition and claim of the Commonwealth of Pennsylvania, by the Department of Highways, against certain funds in the hands of the trustee, resulting from a sale of the entire property of the above debtor. The petition involves the right of the Commonwealth of Pennsylvania to a priority in the payment of its claim, before the satisfaction of a $3,000,-000 first mortgage formerly a lien on the sold premises, and now held by the New York Guaranty and Indemnity Company. Petitioner's claim arises out of the following facts:

On March 21, 1939, this court approved the application of the Wilkes-Barre and Eastern Railroad, a Pennsylvania corporation, for the abandonment of its line running between Stroudsburg, Pennsylvania, and Plains, Pennsylvania. Upon receipt of approval of its application, said corporation abandoned the operation of fifty-four (54) miles of the line referred to, and removed and salvaged all of its facilities with the exception of some of its property which crossed certain Pennsylvania state highways. The Commonwealth of Pennsylvania, acting through its Department of Highways, subsequently removed the company's facilities from some of the crossings referred to, and restored the crossing areas to conditions comparable to those existing on the adjacent highways. In doing this work, the Department of Highways expended the sum of One Thousand Sixty Five and 70/100 ($1,065.70) Dollars, and it is estimated that it will cost Two Thousand Ninety One and 80/100 ($2,091.80) Dollars to remove a certain underground bridge located on one of the highways and to restore the two remaining crossings which the Department of Highways has not yet restored.

It is here urged by the petitioner, first, that the Department of Highways has a preferred claim on the funds now in the hands of the trustee for the amount actually expended as above and, secondly, a preferred claim for the costs of labor and materials in restoring the other crossings and removal of the bridge, in the event that the trustee himself is not directed to do the same. It is agreed by all interested parties that unless the debt due the Commonwealth is entitled to priority in payment before the satisfaction of the mortgage debt, this petition must be dismissed. This is because the funds in the hands of the trustee are but a fraction of the unpaid balance on the first mortgage above referred to, and therefore a general claim is valueless. Hence, that is the question to be herein decided.

The petitioners claim that a right to priority in payment follows from their position as "equitable obligees of an enforceable duty of the railway company", taking into account the public service character of the petitioners, and the duties, obligations, and incidents of such public service. This contention must necessarily fail, because of the now well settled rule that priority in the payment of creditors' claims will not be recognized unless it is a claim or debt which falls within the specific provisions of Section 64, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a. See City of Lincoln, Nebraska v. Ricketts, 8 Cir., 1935, 77 F.2d 425, and Southern Bell Telephone & Telegraph Co. v. Caldwell, 8 Cir., 1933, 67 F.2d 802, 803. This is true even though many cases refer to a court in bankruptcy as a court of equity, in the sense that its judges and referees are governed by the principles and rules of equity jurisprudence. In this connection, the court in the case of Southern Bell Telephone & Telegraph Co. v. Caldwell, supra, held that "there is no power vested in the bankruptcy court to order preferential payments because 'of considerations which may appeal to referee or judge as falling within general principles of equity jurisprudence.'" Therefore it follows, from this

authority cited, that unless the claim of the Commonwealth of Pennsylvania is specifically accorded priority by Section 64, sub. a, of the Bankruptcy Act, this petition must be dismissed. Obviously, this section of the Act, reasonably interpreted, does not accord priority to a claim such as the one here presented by the Commonwealth of Pennsylvania, as none of the debts specifically accorded priority by that section can reasonably be construed to include a debt of the nature with which we are now concerned. Therefore, the claim of the Commonwealth, though a provable one, is nothing more than a general claim, and for that reason, this petition and claim is forthwith dismissed, and hearing upon such claim is denied.

It may be noted in passing that even if Section 64, sub. a, of the Bankruptcy Act were construed in such a manner as to give a claim of this nature priority in law, the Commonwealth of Pennsylvania still would not be entitled to any of the fund now in the hands of the trustee. This is because of the equally well settled rule that priority rights as given by the Bankruptcy Act are not intended to affect valid liens, and such rights are therefore not effective until the interests of lien claimants, such as those of the New York Guaranty and Indemnity Company under its first mortgage, are fully satisfied. See In re Centralia Refining Co., D.C. 1940, 35 F.Supp. 599; In re Lasky, D.C. 1941, 38 F.Supp. 24.