In the Matter of David TREGUBOFF, dba Northern Food Company, and dba Service Cold Storage, Bankrupt.

No. 168377.

United States District Court
C. D. California.

Feb. 29, 1968.

Joel Mithers, Los Angeles, Cal., for Max Danziger.

Sprague & Clements, by Richard R. Clements, Los Angeles, Cal., for Gilbert Robinson.

ORDER APPROVING FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER OF REFEREE IN BANKRUPTCY.

CRARY, District Judge.

The Court has considered the points and authorities of counsel, the oral argument and the supplemental memoranda of points and authorities, filed by the Trustee and Claimant on February 15 and February 19, 1968, respectively, and now concludes that the claimant knew that his client, David Treguboff, was in bankruptcy and that such proceedings were pending when he undertook to obtain a Loss Carry Back Income Tax Refund for the years 1960, 1962 and 1963, for the bankrupt and his wife, Zoe Treguboff.

It appears to the Court it is not for the Claimant, an accountant, to determine whether he will accept employment

from the bankrupt and not seek an order from the Court for employment by the Trustee. By not seeking the approval of the Court under General Order 45, petitioner takes the chance of being a volunteer if the claim or property concerned is a part of the bankrupt estate. General Orders 44 and 45 would be meaningless if an attorney or accountant may recover fees for services to a bankrupt during bankruptcy proceedings by merely showing that such services in some way saved or conserved assets of the bankrupt estate.

When the Claimant herein filed the claim for refund of income tax, on April 15, 1965, there was ample law to support a conclusion that the claim for refund was a part of the bankrupt estate and passed to the Trustee, although there was authority to the contrary. The last pronouncement, prior to the Claimant's employment by the bankrupt on or about April 8, 1965, by a United States Court of Appeals holding that the Trustee succeeds to any accrued claim or right of action for tax refund the bankrupt may have against the Government, was the case of Segal v. Rochelle, 336 F.2d 298, 303 (5 C.A. Sept. 9, 1964), wherein the Court of Appeals affirmed the judgment of the District Court. That case was argued before the Supreme Court of the United States on November 17, 1965, and an affirming decision was rendered on January 18, 1966, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428.

■ Petitioner urges that equity requires the granting of the relief he seeks. In United States v. Killoren, 119 F.2d 364 (8 C.A.1941), the Court observes that it is a court of equity in adjudging the rights of parties entitled to equity jurisprudence, stating at page 366 (quoting from Southern Bell T. & T. Co. v. Caldwell, 8 Cir., 67 F.2d. 802):

" 'It has not, however, plenary jurisdiction in equity, but is confined, in the application of the rules and principles of equity, to the jurisdiction conferred upon it by the provisions of the Bankruptcy Act, reasonably interpreted. (Citing cases.) The plain mandate of the law cannot be set aside because of considerations which may appeal to referee or judge as falling within general principles of equity jurisprudence.' "

No transcript of the proceedings before the Referee is on file.

■ The petitioner attacks the Referee's Findings of Fact numbered 3, 4, 5, 6, 7, 11, 13 and 14 and Conclusion of Law No. 3. The Court adopts all of the Findings of Fact, Conclusions of Law, and Order of the Referee, with the following exceptions:

(a) The Court adopts the Referee's Finding of Fact No. 5, as amended, to read as follows:

5. That, on April 8, 1965, the applicant advised the bankrupt that there was a possibility of recovering an income tax carryback refund for income taxes paid for the years prior to 1963, and prior to bankruptcy, and based upon a carryback adjustment. The applicant, Max H. Danziger, and David Treguboff and Zoe Treguboff each knew that said David Treguboff had initiated bankruptcy proceedings and had reasonable cause to believe that any income tax loss carryback refund was the property of the bankrupt estate, that Max H. Danziger orally agreed to prepare and file the necessary claim and forms to obtain the refund, and that Max H. Danziger would be compensated upon a contingent basis and would receive one-third ($\frac{1}{3}$) of all sums recovered

(b) Referee's Finding of Fact No. 14 is amended to read:

14. That the applicant, and the bankrupt, had the duty to bring this claim to the attention of the Trustee in Bankruptcy for administration for the benefit of creditors. That the applicant, and the bankrupt, did not disclose the same to the trustee.

(c) Referee's Conclusion of Law No. 3 is amended to read:

3. That the applicant Max H. Danziger and the bankrupt were in pari delicto in not disclosing this asset to the Trustee in Bankruptcy. The application will therefore be denied.

The Court does not conclude that the petitioner or David or Zoe Treguboff are in court with "unclean hands" relative to the said claim for tax refund as such term is defined and discussed by the authorities. The conduct of the claimant and David and Zoe Treguboff does not appear to the Court to be so unconscionable or morally reprehensible in the circumstances as to have constituted "unclean hands" on their part. This, the Court finds, although it also concludes that the petitioner and David and Zoe Treguboff had a duty to advise the Trustee of the claim for tax refund as a possible or probable asset of the bankrupt estate.

## APPENDIX

Trustee

In the Matter of

DAVID TREGUBOFF, dba NORTHERN FOOD COMPANY, and dba SERVICE COLD STORAGE,

Bankrupt.

UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF CALIFORNIA

In Bankruptcy No. 168,377–WM

FINDINGS OF FACT AND CONCLUSIONS OF LAW ON APPLICATION TO DETERMINE AND FIX ADMINISTRATION EXPENSES (DANZIGER)

The matter of the application and order to show cause on the trustee, GILBERT ROBINSON, having come on regularly for hearing before the undersigned Referee in Bankruptcy, in his courtroom, on June 5, 1967, at 10:00 a. m., and having been continued for the purpose of trial from time to time thereafter, and the applicant, MAX DANZIGER, having appeared at said hearings by and through his counsel, JOEL MITHERS, and the trustee, GILBERT ROBINSON, having appeared at said hearings by and through his counsel, SPRAGUE AND CLEMENTS per RICHARD R. CLEMENTS, and evidence, both oral and documentary, having been introduced, and the matter having been submitted upon said evidence, as well as the pleadings on file herein, and the arguments of the parties in open court, and the Court being fully advised in the premises and good cause appearing therefor, now makes its findings of fact and conclusions of law, as follows:

### FINDINGS OF FACT

1) That MAX DANZIGER is now and at all times herein mentioned was a certified public accountant duly licensed as such by the State of California and authorized to appear before the Internal Revenue Service of the United States.

2) That the respondent, GILBERT ROBINSON, is the duly appointed, qualified and acting trustee in the reopened proceedings of the above-named bankrupt.

3) That on or about April 8, 1965, DAVID TREGUBOFF contacted the applicant to prepare a United States income tax return upon behalf of DAVID TREGUBOFF and his spouse ZOE TREGUBOFF, for the calendar year 1964, and which return was, according to the normal course of business, due April 15, 1965. That, said applicant in connection with the preparation of said Income Tax Return informed ZOE and DAVID TREGUBOFF of the probability of the bankrupt of obtaining a tax carryback refund generated by the failure of the business operations of DAVID TREGUBOFF which had occurred prior to the filing of bankruptcy by said DAVID TREGUBOFF.

4) That said applicant had been employed by the bankrupt prior to the bankruptcy of DAVID TREGUBOFF (doing business as Northern Food Company and also doing business as Service Cold Storage) and knew of the bankruptcy proceedings instituted herein on or about

March 5, 1964. That said MAX DAN-ZIGER had audited the books and accounts and records of the bankrupt on or about February 6, 1964 (Statement of Affairs, Question No. 2).

5) That, on April 8, 1965, the applicant advised the bankrupt that there was a possibility of recovering an income tax carryback refund for income taxes paid for the years prior to 1963, and prior to bankruptcy, and based upon a carryback adjustment. That the applicant, MAX H. DANZIGER, and DAVID and ZOE TREGUBOFF, each knowing that said DAVID TREGUBOFF had initiated bankruptcy proceedings and knew that any income tax loss carryback refund was the property of the bankrupt estate. That MAX H. DANZIGER orally agreed to prepare and file the necessary claim and forms to obtain the refund and that MAX H. DANZIGER would be compensated upon a contingent basis and would receive one-third (⅓) of all sums recovered.

6) That the applicant filed all the necessary applications, forms and documentation required by the pertinent and appropriate rules and regulations of the Internal Revenue Service, in a timely fashion, and held a conference with an agent of the Internal Revenue Service respecting the application for tentative carryback adjustment. That said claims were approved and the Treasurer of the United States has issued his checks in the approximate sum of $7,285.26.

7) That the normal rate of compensation for the applicant is the sum of $25.-00 per hour. That the applicant claims that he has expended thirty-five (35) hours in executing the foregoing services enumerated herein, no time sheets were produced or received in evidence showing the date, nature of service or time.

8) That the foregoing $7,285.26 was produced by the applicant's efforts, and pursuant to his oral agreement with the bankrupt and the spouse of the bankrupt.

9) That the loss carryback tax refund is based upon losses sustained in the operation of the bankrupt's business

prior to bankruptcy and is an asset of the bankrupt estate and not of the bankrupt.

10) The oral contingency fee arrangement between the bankrupt, his spouse, and the applicant MAX H. DANZIGER entered into after bankruptcy is not binding upon the Trustee in Bankruptcy, said asset having passed by operation of law to the bankrupt estate.

11) The application for the loss carryback refund was filed without the knowledge, approval or consent of the Trustee in Bankruptcy even though the bankrupt, and the applicant, and each of them, knew that bankruptcy proceedings had been initiated by the bankrupt and that all the property of the bankrupt had passed to the Trustee in Bankruptcy by virtue thereof.

12) That the former Trustee in Bankruptcy was informed of the fact that a tax refund was about to be paid to the bankrupt on September 12, 1966, by the Internal Revenue Service. A petition to reopen the estate was filed September 23, 1966, so that this asset could be received and administered for the benefit of creditors. This asset had not heretofore been disclosed to the Trustee in Bankruptcy.

13) That, if the bankruptcy proceeding had not been reopened as the result of the alertness and information of the Internal Revenue agent, said refund would have been paid to DAVID TREGUBOFF and ZOE TREGUBOFF, and hence to the applicant MAX H. DANZIGER, and that they, and each of them, would have been enriched at the expense of the creditors of this bankrupt estate.

14) That the applicant, and the bankrupt, had the duty to bring this asset to the attention of the Trustee in Bankruptcy for administration for the benefit of creditors. That the applicant, and the bankrupt, did not disclose the same to the trustee.

## CONCLUSIONS OF LAW

1) That the loss carryback income tax refund, since based upon losses sustained in the operation of the business of the bankrupt prior to bankruptcy, is an

asset of the bankrupt estate under Section 70a of the Bankruptcy Act.

Segal v. Rochelle, 382 U.S. 375, 86 S.Ct. 511, 15 L.Ed.2d 428.

 2) The oral contingent fee arrangement between the bankrupt, his spouse, and the applicant MAX H. DANZIGER is not binding upon the Trustee in Bankruptcy.

3) That the applicant MAX H. DANZIGER and the bankrupt were in pari delicto in not disclosing this asset to the Trustee in Bankruptcy and the applicant MAX H. DANZIGER, in this instance, is not seeking the relief of this Court with "clean hands". The application will therefore be denied.

DATED: October 31, 1967.

(s) JOSEPH J. RIFKIND
Referee in Bankruptcy

## ORDER DENYING APPLICATION OF MAX DANZIGER TO DETERMINE AND FIX ADMINISTRATION EXPENSES

The matter of the application and order to show cause of MAX DANZIGER on GILBERT ROBINSON, the Trustee in Bankruptcy, having come on regularly for hearing and trial before the undersigned Referee in Bankruptcy, in his courtroom, on June 5, 1967, at 10:00 a. m., and having been continued for further trial and hearing from time to time thereafter, and the applicant, MAX DANZIGER, having appeared at said hearings by and through his counsel, JOEL MITHERS, and the respondent trustee, GILBERT ROBINSON, having appeared by and through his counsel, SPRAGUE AND CLEMENTS per RICHARD R. CLEMENTS, and evidence, both oral and documentary, having been introduced, and the matter having been submitted upon said evidence, as well as the pleadings on file herein, and the argument of the parties in open court, and the Court having issued its Memorandum Opinion Re Application of Max Danziger on or about September 29, 1967, and having made written Findings of Fact and Conclusions of Law

and being fully advised in the premises, and good cause appearing therefor;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the applicant, MAX DANZIGER, take nothing by reason of his application on file herein and the application will be, and hereby is, denied.

DATED: October 31, 1967.

(s) JOSEPH J. RIFKIND
Referee in Bankruptcy