**322**

### MURRAY v. THE METEOR et al.
### No. A–18886.

United States District Court
E. D. New York.

July 13, 1950.

Mahar & Mason, New York City, proctors for libellant (Frank C. Mason, New York City, of counsel).

Bernard Tompkins, New York City, proctor for claimants.

BYERS, District Judge.

On May 3, 1949, a hearing was had in this cause in connection with a motion by claimants for an order amending certain findings and a decision of March 4, 1949. 83 F.Supp. 212.

At the request of counsel, decision thereon was deferred, and on December 8, 1949, a conference in Chambers was held attended by both proctors, at which they gave assurances of a purpose to agree on a sum fairly earned by libellant as wharfinger of the vessel Meteor during the time that she was under attachment in the cause in which James Hanna et al. were libellants. Under date of April 17, 1950, the libel in that cause was dismissed for reasons stated in the opinion of Judge Inch.

Seemingly claimants' present attitude is that this decision relieves them of the assurance given on December 8, 1949, that it was intended to be fair toward Murray who gave The Meteor the protection of his wharf, and thus earned a fair compensation. Such was the statement of the claimant Mae Schwartz, testifying on May 3, 1949 (page 135): "Well, I didn't feel that the bills were right at the time, and I discussed the matter with Mr. Tompkins to ascertain why we were supposed to pay 250 * * *. I thought it would be estimated to probably seventy-five for berthing, because that is what I *thought it was worth.*" (Italics supplied.)

The final memorandum of the conference of December 8, 1949, which I made is to the effect that, if no sum were to be agreed upon, libellant should have leave to amend his libel to assert a claim against the security which represents the vessel, based upon a claim of unjust enrichment on the part of claimants.

Since no agreement has been reached, an order may be settled, reopening the case, and giving libellant leave to file an amended libel within ten days, after the service of a copy of such order upon his proctor. Settle order on two days' notice.