## THE PACIFIC OAK.

### UNITED STATES v. TIFFANY et al.
No. 13075.

District Court, E. D. New York.
Aug. 29, 1932.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y., and William E. Collins, Sp. Asst. U. S. Atty., of New York City, for the United States.

Stephen Callaghan, of New York City, for Waterfront Warehouse & Terminal Corporation.

Hunt, Hill & Betts (by Edna Rapallo), of New York City, for Seekonk Corporation.

Leo J. Curren, of New York City, for claimants.

CAMPBELL, District Judge.

This matter comes before the court on three motions, as follows:

1. Motion for permission to intervene for payment to the petitioner Waterfront Warehouse & Terminal Corporation of $7,050 for wharfage.

2. Motion for permission to intervene for payment of claim in the sum of $2,502.32, raised to $2,662.94, and an allowance to the petitioners J. Raymond Tiffany and Walter Winne, as receivers in equity of Dimon Steamship Corporation.

3. Motion for an order establishing the libelant (United States of America's) decree entered on July 5, 1932, as entitled to priority in payment out of the proceeds of sale of steamship Pacific Oak, etc.

The petitioner Waterfront Warehouse & Terminal Corporation follows the proper practice.

Wharfage under the conditions shown herein cannot be collected as costs of the marshal, and is not even a disbursement, as he has not paid it, but is in a sum to be fixed by the court as reasonable, either a preferential payment or a superior lien on the proceeds of the sale of the steamship Pacific Oak. The St. Paul (C. C. A.) 271 F. 265. The wharfage is allowable as fixed by the court. New York Dock Co. v. The Poznan, 274 U. S. 117, 47 S. Ct. 482, 71 L. Ed. 955.

While it may be true that a portion of the property of petitioner was not acquired by grant from the state, beneficial use of those portions for wharfage is so closely tied up with the land granted by the state that I think it is governed by M. L. C. No. 10 (C. C. A.) 10 F.(2d) 699.

The rate fixed by law is $23 a day, and that I find is a reasonable rate.

The petitioner's motion for leave to intervene is granted, and its claim is allowed at $23 per day for 94 days, amounting to $2,162, and given priority over the claim of the libelant, United States of America.

The expenses of the petitioners Raymond J. Tiffany and Walter Winne, as receivers, as hereinafter found, are allowable; but no allowance can be made to them for their services as receivers, nor to their counsel, Mr. Curren. Virginia Securities Corporation v. Patrick Orchards (C. C. A.) 20 F.(2d) 78.

The representative of the libelant objects to the allowance of $1,796.08 for wages, food, stores, and miscellaneous, and concedes an amount of $1,200 for these items, but does not object to the charges for insurance, $309.36, towage, $292.50, and pilotage, $15.

The government objects to the item for wages, etc., on the ground that a large crew was not required, but as it appears that a full crew was 35 and but 13 were retained aboard when the ship might have been required to move, it does not seem to me that any further consideration is required, but the amount should be allowed.

The motion of the receivers to intervene is granted, and their claim is allowed as follows:

Wages, $1,599.26;
Food, $105.47;
Stores, $56.76;
Miscellaneous, $34.59;
Insurance, $309.36;
Towage, $292.50;
Pilotage, $15.00;

Making $2,412.94 in all, and given priority over the claim of the libelant, United States of America.

The motion of the libelant, United States of America, is granted, to the extent that its decree entered on July 5, 1932, is established as entitled to priority in payment out of the proceeds of sale of the steamship Pacific Oak, after payment of the amounts legally due the clerk and marshal, and the two aforesaid claims which are granted priority for the amounts I have determined and allowed.

There is no liability on the part of the United States marshal or the Seekonk Corporation for the wharfage charges of the intervening petitioner, Waterfront Warehouse & Terminal Corporation, or any part thereof.

Settle on notice.