**LARSEN et al. v. NEW YORK DOCK CO.**

**THE GUATEMALA.**

**No. 184, Docket 20890.**

Circuit Court of Appeals, Second Circuit.

March 23, 1948.

688

Rolnick & Asofsky, of New York City, for respondent-appellant.

Ramey & McKelvey, of New York City, for claimant-appellant.

Jacob F. Gottesman, of New York City, for movant-appellee.

Before L. HAND, SWAN, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

In New York Dock Co. v. S. S. Poznan, 274 U.S. 117, 47 S.Ct. 482, 71 L.Ed. 955, the Court held, in effect, that no lien can be obtained against a ship in custodia legis; but it allowed the Dock Company a preferential claim against the proceeds of the ship for wharfage service rendered while the libel proceedings were pending, because the service was furnished as an incident of the court's administration and had benefited the parties to the proceedings. Such a payment, said the Supreme Court, defrayed an expense which the admiralty court "has permitted for the common benefit and which, in equity and good conscience, should be satisfied before the libellants may enjoy the fruits of their lien."

Consequently, there is here no room for the doctrine that a lien is waived by one who looks wholly to the credit of some person.[1] Yet it is distinctly pertinent that the Dock Company, in its day-to-day contract with Mercantile, relied solely upon Mercantile's credit. For the Poznan decision rests on the doctrine of unjust enrichment;[2] and we accept, as a correct formulation of one aspect of that doctrine, the following statement in Restatement of Restitution, § 110: "A person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person." That disposes of the bulk of the claim.

After September 6, 1946, however, the Dock Company no longer relied upon Mercantile's credit. As, from that date, the Dock Company furnished a service which conferred a benefit upon those interested in the ship, it would seem that its claim for wharfage after that date comes within the ruling in Poznan. However, there is one differentiating fact. In Poznan, the Supreme Court, in disposing of an argument that the wharfage service had not been furnished "in accordance with an order made by the court and with the consent of the libellants," said: "But here the court denied a motion to remove the ship from petitioner's wharf with the consent of some of the libellants and with full knowledge of all concerned that the wharfage was then being furnished. The libellants * * * thus appear to have acquiesced in this determination. * * * It is enough if the court approves the service rendered or permits it to be rendered, and it inures to the benefit of the property or funds in its

[1] See, e.g., Marshall & Co. v. "President Arthur," 279 U.S. 564, 49 S.Ct. 420, 73 L.Ed. 846; The City of Seattle, 2 Cir., 61 F.2d 763.

[2] This appears from the Court's use of the phrases "common benefit," "equity and good conscience." It also appears from the Court's citation of United States v. Cornell Steamboat Co., 202 U.S. 184, 26 S.Ct. 648, 50 L.Ed. 987, a salvage case in which the Court relied on the doctrine of unjust enrichment; cf. Woodward, The Law of Quasi Contracts (1913) 323–326.

Note also that in Poznan the Court cited Fosdick v. Schall, 99 U.S. 235, 25 L.Ed. 339 (and related cases), which established the "six-months' rule" in railroad receiverships, a rule which is based upon the unjust enrichment doctrine. The "six-months' rule" has been said to create "an admiralty lien upon wheels"; see Fairman, Mr. Justice Miller and The Supreme Court (1939) 244–246; cf. Galveston H. & H. R. Co. v. Cowdrey, 11 Wall. 459, 480, 482, 20 L.Ed. 199, and Farmers' Loan & Trust Co. v. Kansas City, W. & N. R. Co., C.C., 53 F. 182, 190. It is of interest that, just as in Poznan the Court cited the railroad receivership cases, so in St. Louis & S. F. R. Co. v. Spiller, 274 U.S. 304, 310, 47 S.Ct. 635, 71 L.Ed. 1060, a railroad receivership case, the Court bracketed Fosdick v. Schall, supra, and Poznan.

custody." In the instant case, the court, before the ship's sale, had made no order approving the service rendered or permitting it to be rendered. Nevertheless, we think that, as the ship had to be wharfed somewhere, and since the other parties knew of the wharfage, were "enriched" by it, and took no steps, after September 6, to provide wharfage elsewhere, the Dock Company is entitled to a preferred claim for the period from September 6, to November 22, 1946.[3]

The order will be modified in accordance with this opinion.

---

[3] The Marshal made no effort, after September 6, 1946, to remove the ship from the Dock Company's wharf. He may thus be said to have authorized that wharfage from that date. In this connection, we note the following passage in Poznan (274 U.S. at page 121, 47 S. Ct. at page 484, 71 L.Ed. 955): "The most elementary notion of justice would seem to require that services or property furnished upon the authority of the court or its officer, acting within his authority, for the common benefit of those interested in a fund administered by the court, should be paid from the fund as an 'expense of justice.'"