**UNITED STATES v. THE LACONIA.**

**UNITED STATES v. THE GUIAN.**
Adm. Nos. 6691, 6693.

United States District Court
E. D. Virginia, Norfolk Division.

Sept. 14, 1948.

John P. Harper, Asst. U. S. Atty., of Norfolk, Va., George R. Humrickhouse, U. S. Atty., of Richmond, Va., for the United States.

Hughes, Little & Seawell, of Norfolk, Va., for the claimants.

Homer L. Loomis, of New York City, pro se.

BRYAN, District Judge.

In each of these cases the United States has petitioned for an order directing the marshal of this Court to accept redelivery from the Maritime Commission of the vessels involved, and to deliver such vessels to the Italian Government and to the Italian claimant, and counsel for the United States, as well as for the Italian Government and claimant, have moved for the entry of orders in accordance with the petition. The motion is opposed by Homer L. Loomis, Esquire, who, with associated attorneys, filed an intervening petition in each of these causes on December 24, 1942, asserting a claim against the respective vessels for professional services rendered, it is said, on behalf of the vessel and of her owner in the present litigation. The foremost ground of the opposition is that Mr. Loomis has a valid claim against the vessels and they should not be returned until the Government of Italy posts a stipulation or other security for the protection of his claim. The attorneys originally joining him in the petition stated to the Court that they had been paid and were no longer interested. Dismissal of the Loomis petition is also moved by the United States and the ships' claimants.

The petition of the United States, as well as the motion, is based on Executive Order 9935 of the President, issued March 16, 1948 pursuant to an Act of Congress approved August 5, 1947, Public Law 370, 80th Congress, 1st Session, 50 U.S.C.A.Appendix, § 32 and note, directing the Attorney General and the United States Maritime Commission to transfer to the Government of Italy certain ships, including the Laconia and Guian, and further directing them to execute agreements with the Government of Italy providing for such transfer and delivery of the ships to the latter but upon the condition, inter alia, that prior to the removal of any such vessel from the custody of any court, the Government of Italy should arrange to file a stipulation, or other satisfactory security, with the court to insure the payment by the Italian Government of "any unpaid claims against the vessel." Accordingly the Attorney General did enter into an agreement with the Italian Government, under date of March 16, 1948, and embodied therein a condition precisely as prescribed by the Executive Order. The petitioner Loomis predicates his insistence for the posting of security upon that provision in the Executive Order and in the contract of March 16, 1948.

The Court is of the opinion that it has no jurisdiction to pass upon the claims of Mr. Loomis set forth in his petition for counsel fees, for the reason that sections 9(a) and 34, of the Trading with the Enemy Act, as amended, 50 U.S.C.A.Appendix, §§ 9(a) and 34, deprive this court of authority to adjudicate such a claim. The Court adheres to its decision on a similar petition by Mr. Loomis in the San Guiseppe,[1] No. 6685 In Admiralty, for the reasons set forth in its memorandum in that case.

Nor do Public Law 370 and Executive Order 9935 give Mr. Loomis new ground, because his claim is not "against the vessel", as that phrase is used in the Act and Order. His claim is in personam, for a debt, against the vessel's former owners, and is not evidenced by a lien or property interest. Proctor's fees for services to a vessel are not maritime liens. Gray v. Hopkins-Carter Hardware Co., 5 Cir., 32 F.2d 876, 879.

However, the proctor says that the petition of the United States alleges a broader classification of claims to be secured, in that, par. (4) avers that the Government of Italy is "to secure payment of unpaid claims to or against the vessel or its

---

[1] No opinion for publication.

former owner". The last three words furnish the basis of the argument. But the Attorney General explains that this phraseology was used to protect those claimants against the former owner who have an attachment or other lien on the vessel to enforce their in personam claims. The proctor here has perfected no such auxiliary lien. Moreover, the petition of the Attorney General cannot enlarge the terms of the Executive Order. The latter mentions only "claims against the vessel", not including claims against the former owner, in prescribing the security to be pledged with the court.

 The Court cannot believe the phraseology "claims against the vessel" was used in the Executive Order to include debt claims against the former owner of the vessels. Throughout the Trading with the Enemy Act a distinction is consistently made between obligations in simple debt and those constituting a right in the ship, such as a lien. Cf. Secs. 9(a) and 34(i), and vide Alley v. Clark, D.C.E.D.N.Y.1947, 71 F.Supp. 521.

Counsel fees cannot here be allowed the proctor as costs "between solicitor and client", Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 59 S.Ct. 777, 779, 83 L.Ed. 1184, because neither he nor his clients have established, formally or informally, a source of payment for any creditor or claimant. The other cases cited by him, The Apollon, 9 Wheat. 362, 6 L.Ed. 111, and Canter v. American Ins. Co., 3 Pet. 307, 7 L.Ed. 688, deal with counsel fees as items of damages recoverable for invalid suit or seizure. The rule applied in New York Dock Co. v. S.S. Poznan, 274 U.S. 117, 47 S.Ct. 482, 71 L.Ed. 955, is simply that the cost (there wharfage) of services to a ship is a preferred charge against the proceeds of sale of the vessel, when the expense was incurred by the court officer having her in custody. It has no analogy here.

Answering the several objections made by Mr. Loomis in his motion filed June 30th, the Court concludes that the issues presented by the several motions are entirely legal in nature and not dependent upon any factual determination; that there is no conflict in the representation now assumed by private counsel appearing for the Italian Government; that while the initiative herein was taken by such private counsel, their actions have been concurred in and corroborated by counsel for the United States; that such private counsel have heretofore appeared of record as proctors for the claimant; and that the Court is in no wise disregarding the law of the case as settled previously in this suit.

A decree will be entered denying and dismissing the petition of Mr. Loomis for want of jurisdiction, and granting the petition of the United States for delivery of the vessels to the Italian Government.