212

Mahar & Mason, of New York City
(Frank C. Mason and Anthony J. Ran-

dolph, both of New York City, of counsel),
for libellant.

Bernard Tompkins, of New York City,
for claimants.

BYERS, District Judge.

This cause may be deemed a second instalment of the litigation reported under a similar title in D.C., 78 F.Supp. 637. The libellant seeks to impress upon a stipulation for value given May 27, 1948, a preferred claim for wharfage from October 7, 1947, to May 31, 1948, and from June 2, 1948, to July 1, 1948; the stipulation was filed on the latter day. During this entire period the vessel was not under attachment on October 8, 1947, or from May 28, 1948, to and including June 21, 1948, or 25 days in all.

The claim is resisted on all grounds presented in the prior case (which resulted in a decree for libellant on December 23, 1948), and additionally because during the time for which the libellant seeks recovery, the Meteor was in custodia legis, i.e., in the custody of the Marshal of this Court, and hence no preferred claim for wharfage should be allowed.

The cause was submitted on facts agreed to orally at the hearing, and no evidence was taken save two exhibits, chattel mortgages, the legal effect of which is not discussed in the briefs.

The sole issue now presented for decision is whether the libellant, having caused the arrest of the vessel, can collect wharfage accruing after the arrest.

The files of the Court disclose that another libel was filed by one Hanna for work, labor, etc., on January 29, 1948, under which an attachment was levied on the 30th which was returnable on February 11th, and the vessel was claimed on May 26th, and a stipulation for value was filed on the following day. The Meteor therefore was detained under process of this Court, from January 30th until May 27th in a cause other than the one instituted by this libellant, which means that wharfage during that period was not solely to safeguard the vessel at the instance of Murray.

■ If the claimants' argument is understood, two contentions are made: (a)

That since no maritime lien can be asserted against the Meteor, wharfage cannot be awarded to this libellant, and (b) The attachment in the prior cause and in this was for the benefit of the libellant as proprietor of the wharf, not for the benefit of the owners, and therefore it would be inequitable to allow him to collect for that which tended to preserve the vessel in his interest in part. Further, that cheaper quarters could have been secured, or she could have been moored in proper anchorage grounds. As to these matters there is no proof in the record, nor indeed does it appear that the Marshal was requested to berth the vessel anywhere else than at the pier where the arrest was had.

As to the first argument, the previous decision of this Court will be adhered to, since as yet it has not been reversed.* If the lien under the New York statute (Lien Law, Consol.Laws, c. 33, § 80 et seq.), was effective to enable the proprietor of the pier to collect wharfage from the Meteor prior to the attachment, it did not become impotent to support his claim for just compensation for the same service thereafter. If there is a difference in principle concerning Murray's rights before and after the attachment concerning his claim for furnishing wharfage to this vessel, I confess to an inability to grasp it, no question of maritime lien being at issue.

The Poznan case in the Supreme Court (New York Dock Co. v. Steamship Poznan, 274 U.S. 117, 47 S.Ct. 482, 484, 71 L.Ed. 955) is believed to be authority for the proposition that the wharfage of the Meteor, which is the subject of this libel, was a "service rendered to the ship after arrest" in aid of her safe keeping which inured to the benefit of her owners, since they were thereby enabled to preserve her from hazards to which she would have otherwise been exposed, pending her sale for the sum of $25,000, which concededly took place on some date in July of 1948 not stated in the record.

The decision in Larsen et al. v. New York Dock Co., 2 Cir., 166 F.2d 687, is relied upon by libellant, and no reason is presently perceived to sustain a contrary disposition of this cause.

■ The second branch of the argument, that the libellant should be denied recovery because the attachment of the vessel in the earlier cause was for his own benefit, and somehow that proves that he should be denied recovery during the Court's administration of the cause, completely eludes me. As has been stated, another attachment was in effect during a portion of the time embraced in libellant's claim, and as to that the service rendered was for the benefit not only of the owners, but of another libellant. Apart from that, it is not easy to understand why the primary benefit of wharfage was not the preservation of the vessel on behalf of its owners, and to enable them to safely maintain it, as they did until such time as they could sell it; nor why they should not pay for the service so rendered.

It results that the libellant must prevail; that is, he must be awarded, from the funds in the registry of the Court, as a preferential claim, the fair and reasonable value of the vessel's occupancy of part of the pier which he operated during all times material to this cause.

The owner Krause contracted to pay $250 per month, and did so for the month of July, 1947.

For the balance of the period embraced in the libel originally filed, this Court (Judge Inch) has awarded Murray a decree at that rate.

■ The present claimants are the sisters of Krause, and lived at the same address used by him. It seems reasonable to attribute to them a knowledge of the agreed rate of wharfage as at the time of transfer of the vessel's title to them, since the same lawyer represented both them and him.

The continued use of libellant's pier after June 2, 1948, which is stated in the claimants' brief to be the date of acquisition of title by them, supports the inference that they knew of and approved the agreed rate initially established. That is a

---

* Through a type-setting lapse, the first paragraph in the right hand column on page 639 of 78 F.Supp. 637 is unintelligible as to the first sentence. The opinion is correctly reported in 1948, A.M.C.1401, at page 1404.

214

sufficient indication that they conceded it to be fair and reasonable, and the libellant may take a decree, to be settled on notice, to provide for the payment to him as a prior claim against the funds in question computed on that basis, from October 9, 1947, to and including June 21, 1948, with costs. If so advised, the said amount may be stated in separate items according to the causes as pleaded.

If findings are required, they may be settled on notice.