## MURRAY v. THE METEOR et al.

### No. A–18886.

United States District Court
E. D. New York.

Oct. 20, 1950.

See, also, D.C., 91 F.Supp. 322.

Mahar & Mason, New York City (Frank C. Mason, New York City, of counsel), for libellant.

Bernard Tompkins, New York City, for claimants.

BYERS, District Judge.

This is a motion by claimants for an order "dismissing the within libel on the ground that the subject matter is outside the jurisdiction of this court".

The proper method of attack upon a libel is by the filing of Exceptions according to the Admiralty Rules, 28 U.S. C.A., and the claimants' motion will be dealt with as though it had been so formulated, and the affidavit in support will be treated as an exceptive allegation for present purposes, although laxity of practice is not intended thereby to be condoned.

Concededly the third cause is the only one now before the Court, the first and second having been effectually disposed of heretofore by adverse ruling upon the libellant's asserted lien for wharfage under the state statute.

The surviving cause is to recover wharfage charges for eighteen days during a period embraced between January 29, 1948, and May 27, 1948, as to which no lien is asserted, but a decree is sought for payment to libellant "of a fair and reasonable amount to represent fair compensation to the libellant upon the claim of unjust enrichment stated in the third cause of action herein and that such decree will run against the claimants, their stipulators for value and costs and that libellant may have such other and further relief as in law and justice he may be entitled to receive".

Article Sixteenth of the amended libel alleges that during the said period the steamship Meteor was under attachment pursuant to process issued out of this Court in the admiralty cause of Hanna et al. v. S. S. Meteor, D.C., 92 F.Supp. 530; and that during such period, with the knowledge of these claimants, the vessel "remained on the premises of this libellant and was afforded wharfage facilities with the result that it was safely kept and maintained until after security was posted by said claimants for its release in such action, as well as in the instant suit".

The foregoing is denied in the answer except for the admission that "between January 29, 1948 and May 27, 1948, the steamship Meteor was under attachment pursuant to process * * * in an admiralty suit brought by James Hanna and others * * * which attachment and process were illegal and void in that the subject matter of the said suit was outside the jurisdiction of the court".

The affirmative defense is:

(a) The Meteor was a dead ship, entirely withdrawn from commerce and navigation.

(b) The services (wharfage) were not maritime and hence the cause is outside the jurisdiction of the court.

The question which seems to emerge is whether wharfage can be furnished to a dead ship; and if it can, whether it ought to be paid for.

Thus far, on non-meritorious grounds, these claimants have succeeded in relieving their ship of any obligation for wharfage, although concededly it was provided, on the theory that no maritime lien can be recognized for such service to a vessel which has been withdrawn from commerce.

It is perhaps late in the day to observe that this is a harsh holding which visits upon a wharfinger an unjust burden which may rob him of any compensation for stewardship, if the owner of such a vessel happens to be judgment proof, or can successfully elude the reach of civil process.

If the cause of Hanna had resulted in a decree for libellant, and the vessel had been sold under it, the proceeds would have been subject to a charge for wharfage incurred while the vessel was in the custody of the Marshal. New York Dock Co. v. The Poznan, etc., et al., 274 U.S. 117, 47 S.Ct 482, 71 L.Ed. 955; Larsen et al. v. New York Dock Co., 2 Cir., 166 F.2d 687. At least that would have been true as to a live ship.

The claimants' position seems to be that a court of admiralty is impotent to provide by decree that such a vessel while

subject to its process can incur charges for its safekeeping payable out of a bond given for its release.

If the ship had not received the benefit of wharfage during her incarceration, and had been destroyed in stress of weather because of her lack of power to navigate, I dare say efforts would have been made to visit the loss upon the Marshal. This reflection justifies the following quotations from the Poznan case: "The most elementary notion of justice would seem to require that services or property furnished upon the authority of the court or its officer, acting within his authority, for the common benefit of those interested in a fund (i. e., these claimants as owners of the Meteor) administered by the court, should be paid from the fund as 'an expense of justice' * * * This is not a suit, as the court below seemed to think, for the enforcement of an equitable lien. The court of admiralty is asked, in the exercise of its admiralty jurisdiction, to administer the fund within its custody in accordance with equitable principles as is its wont." [274 U.S. 117, 47 S.Ct. 484]

While the Poznan case involved the proceeds of the sale of a live ship, and the Meteor was a dead ship, it is thought that the same equitable considerations should move the Court in weighing these Exceptions.

It required a trial and decree to determine the Hanna cause, so that it can be scarcely convincing to argue that this wharfinger should have refused in advance to continue the use of his wharf to the Meteor being under arrest in the Hanna cause, upon the theory that he should have known that the ship could not be held for the charges so incurred.

If it be the law that a dead ship cannot be held to respond to wharfage charges intentionally incurred by her owners, merely because she is a dead ship, citation of authority to that effect ought to be available, but claimants have submitted none.

That which the ship would have to answer for if she were still under arrest, can be exacted from the bond which takes her place, in the opinion of this Court.

The Exceptions are overruled. Settle order.