Nikolaos BASSIS et al., Plaintiff,

v.

S.S. CARIBIA, Defendant.

DREW CHEMICAL CORP., Plaintiff,

v.

S.S. CARIBIA, Defendant.

CUNARD LINES, LTD., Plaintiff,

v.

S.S. CARIBIA, Defendant.

INTERNATIONAL PAINT CO., Plaintiff,

v.

S.S. CARIBIA, Defendant.

FOTIOS THEODORATOS et al., Plaintiff,

v.

S.S. CARIBIA, Defendant.

INTERNATIONAL TELEPHONE & TELEGRAPH CORPORATION, Plaintiff,

v.

S.S. CARIBIA, Defendant.

TODD SHIPYARDS CORPORATION, Plaintiff,

v.

S.S. CARIBIA, Defendant.

The CUNARD STEAM-SHIP COMPANY, Limited, Plaintiff,

v.

S.S. CARIBIA, her engines, boilers, tackle, etc., Star Line S.A. and Universal Line S.A., Defendants.

Nos. 69-C-453, 470, 531, 566, 587, 391, 598, 621.

United States District Court, E. D. New York.

July 18, 1969.

14. 28 U.S.C. § 1292(b).

Burlingham, Underwood, Wright, White & Lord, New York City, for defendants, by John S. Rogers, New York City, of counsel.

Lebovici & Saffir, New York City, for Bassis and another, by Herbert Lebovici, New York City, of counsel.

Kirlin, Campbell & Keating, New York City, for Drew Chemical Corp. and International Paint Co., by William J. O'Brien, New York City, of counsel.

Crowell, Rouse & Varian, New York City, for Todd Shipyards Corp., by Richard A. Hagen, New York City, of counsel.

Lord, Day & Lord, New York City, for Cunard Lines, Ltd. and The Cunard Steam-Ship Co., Ltd., by Henry C. Blackiston, New York City, of counsel.

## MEMORANDUM

JUDD, District Judge.

Todd Shipyards Corporation (Todd), the plaintiff in civil action docket number 69–C–598, has moved by order to show cause for an order (1) permitting Todd to intervene as a claimant against the S.S. Caribia in all the pending actions captioned above; (2) directing that the reasonable charges of Todd as caretaker of the S.S. Caribia be allowed as administrative expenses of the United States Marshal; (3) directing the Marshal to remove the S.S. Caribia from Todd's docks; and (4) directing that the S.S. Caribia be sold to satisfy the claims against her.

Item 4 was withdrawn. Item 1 is granted on the consent of all parties. Item 3 is no longer in issue for the reasons set forth below. Only Item 2 need be considered.

In each of these actions, the S.S. Caribia has been attached pursuant to a warrant of arrest. In addition, other actions have been commenced subsequent to the return of this motion and at least one action is pending in the United States District Court for the Southern District of New York (Docket No. 69–C–1965). It appears that the total claims may exceed the value of the vessel, but none of them has been determined on the merits.

The S.S. Caribia, of Panamanian registry, is one of the world's largest cruise vessels, requiring a crew of approximately five hundred persons. Prior to April, 1969, it was necessary to remove her from operation for repairs, which were performed by Todd. Apparently, the loss of revenues was so disastrous that the cruise schedule could not be resumed. Most of the crew were discharged, and a series of legal actions were commenced.

On April 21, 1969, while the vessel remained at a Todd wharf, the first attachment issued, at the instance of International Telephone and Telegraph Corp. (I.T.T.). (Doc. No. 69–C–391). On the following day, Todd also had the

vessel attached, claiming payment for services rendered prior to the I.T.T. attachment. (Doc. No. 69–C–409). Then, on April 24, 1969, I.T.T. consented to the entry of an order by Judge Weinstein of this court permitting Todd to furnish services necessary to preserve the S.S. Caribia on behalf of the United States Marshal "while the said vessel remains under attachment." The costs were ordered to be administrative expenses, payable prior to other liens and claims out of the proceeds of the vessel's sale.

On May 1, 1969, four events occurred. A bond was filed releasing the vessel from the I.T.T. attachment. Todd was paid in full by the vessel for services rendered up to May 1, including administrative expenses, and an order of discontinuance was entered in 69–C–406. Since the vessel remained at Todd's wharf, Todd contracted to continue to furnish services and wharfage to the S. S. Caribia at the agreed rate of $810.00 per day. Quite fortuitously, the complaint of Bassis and some ninety other crew members was filed on May 1, and a warrant of arrest was issued. (Doc. No. 69–C–453). Successive arrests were made in later actions, but no plaintiff made any arrangements with the United States Marshal for the expenses of keeping the ship (28 U.S.C. § 1921), and she remained at the Todd wharf.

Anticipating a maritime strike which in fact occurred on June 16, Todd desired to make other use of the wharf occupied by the S.S. Caribia, and this motion was brought. All parties agreed that it would be desirable to have the vessel moved to a safe location where essential services could be provided but high wharfage fees avoided. To this end, pursuant to court order, she was moved to Gravesend Bay on June 17th, where she is presently at anchorage.

The only remaining issues are whether the reasonable value of services rendered by Todd from May 1 to June 17

should be administrative expenses, payable prior to other liens, and what that value is. The question of priority is not free from doubt, and seems to require the resolution of factual and legal issues not fully presented by the parties. Compare New York Dock Co. v. The Poznan, 274 U.S. 117, 47 S.Ct. 482, 71 L.Ed. 955 (1927), with Larsen v. New York Dock Co., 166 F.2d 687 (C.C.A.2d 1948). See also City of Erie v. S.S. North American, 267 F.Supp. 875 (W.D.Pa.1967); Gilmore & Black, Admiralty §§ 9–11 (1957). This claim is not ripe for adjudication in that it remains hypothetical and contingent. Since the priority of Todd's claim will require a hearing, and the reasonable value is disputed, neither question should be determined on this motion.

"Courts do not review issues * * * until they have to." Joint Anti-Fascist Refugee Committee v. McGrath, 341 U. S. 123, 155, 71 S.Ct. 624, 639, 95 L.Ed. 817 (1951, concurring opinion of Frankfurter, J.). Todd's claim of priority over the other creditors might be made moot if the vessel is able to meet its contractual obligations. It is possible that the parties will be successful in negotiating an interim settlement which will enable the vessel to return to service. Operating revenues may be sufficient to satisfy the claims of all creditors.

Other possibilities also make any attempt to establish the priorities of creditors premature. If the vessel is ordered to be sold, there is no certainty that the amount realized will be insufficient to satisfy all claims.

Todd's motion for an order directing that its reasonable charges as caretaker of the S.S. Caribia be allowed as administrative expenses is therefore denied, without prejudice to renewal when this issue becomes ripe.

Submit order within ten days on two days' notice.