**KOREA DEEP SEA FISHERIES ASSN. (SAMOA OFFICE),**
**an American Samoa Corporation, Plaintiff**

**v.**

**THE M/V CORONA #1, her cargo, etc., Defendant In Rem**

**v.**

**KYUNG YANG TRADING COMPANY, Defendant in Personam**
**SOUTH WEST MARINE OF SAMOA, INC., Intervenor**

---

**SOUTH WEST MARINE OF SAMOA, INC., Plaintiff**

**v.**

**KOREA DEEP SEA FISHERIES ASSN. (SAMOA OFFICE) and**
**I.S. LEE, Defendants**

High Court of American Samoa
Trial Division

CA No. 103-92, 15-93 (Consolidated)

December 2, 1994

Before KRUSE, Chief Justice, TAUANU`U, Chief Associate Judge, and
BETHAM, Associate Judge.

Counsel:       For Korea Deep Sea Fisheries Assn. and I.S. Lee,
               William H. Reardon
               For South West Marine of Samoa, Inc., Marshall
               Ashley

INTRODUCTION

*I.   CA No. 103-92*

On October 27, 1992, Korea Deep Sea Fisheries 'Association (Samoa Office) ("KDSFA"), a South Korean corporation, filed its complaint in admiralty against Kung Yang Trading Company ("KYTC"), a South Korean corporation, and its vessel the M/V Corona #1, for monies owed in the amount of $8,573.29 on goods supplied and funds advanced to the M/V Corona by KDSFA, while acting as local agent for KYTC and its fishing vessels. The Clerk of Courts docketed the matter as CA No. 103-92 and duly issued a warrant for the arrest of the vessel M/V Corona #1; the Marshall of the High Court duly executed the warrant. Subsequently, Southwest Marine of Samoa, Inc., ("SWM") and a number of other creditors, intervened to assert their respective claims against KYTC and the defendant vessel. In addition, SWM joined KDSFA and its employee I.S. Lee as co-defendants.

Upon interlocutory application, the vessel was ordered to be sold by public auction to the highest bidder and it was eventually sold for $1,000. The proceeds of sale are on deposit with the registry of the court. Following the sale, all but KDSFA and SWM had lost interest in these proceedings and the further pursuit of their individual claims. KYTC, on the other hand, never answered nor in any way responded to the claims filed herein against it and its vessel the M/V Corona #1; the vessel was in effect abandoned and there is every indication that KYTC no longer exists.

## II. CA No. 15-93

On February 3, 1993, SWM filed its complaint, in CA No. 15-93, for mooring fees on the vessel M/V Kwang Yang #5. SWM claims that mooring was requested by KDSFA as agent for the vessel, which is alleged to be owned by KDSFA's local manager, defendant I.S. Lee. Upon stipulation of the parties, these matters were consolidated for trial.

## FINDINGS & CONCLUSIONS

### A. KDSFA v. KYTC

On the evidence, we find that KDSFA was at all relevant times, local agent for KYTC and its vessel M/V Corona #1; that as agent, KDSFA had advanced money and paid for supplies furnished to the M/V Corona #1; that KYTC is indebted to KDSFA in the amount of $8,573.29 for such advances and payments. KDSFA will, therefore, take judgment against KYTC in the amount of $8,573.29.

### B. SWM v. KYTC

54

We further find that the vessel M/V Corona had been abandoned by KYTC and left moored at SWM's dock from August 30, 1992, to May 31, 1993. We find that the reasonable value of such mooring services rendered the vessel M/V Corona #1 is $52,369.84. SWM will, therefore, take judgment against KYTC in the amount of $52,369.84.

## C. SWM v. KDSFA

■ We are unable to see on the evidence why KDSFA should be held liable for KYTC's mooring indebtedness to SWM. It is clear from the testimony of SWM's general manager, Arnold A. Walker, that his company dealt with KDSFA as agent for KYTC and a number of their other boat-owner customers as well. SWM in its dealings with KDSFA was dealing with a known agent acting within the scope of its authority to order services for vessels belonging to Korean boat owners. KDSFA's relationship to the vessels in question here, the M/V Corona #1 and the M/V Kwang Yang #5, was that of the owner's agent, KYTC. In these circumstances, the law is well settled that a known agent is not liable for the debts of its disclosed principal. *See generally* 3 AM. JUR. 2D, Agency, § 302. At the same time we find no evidence to suggest that KDSFA had acted as guarantor of its principal's indebtedness. SWM's complaint against KYTC is, therefore, dismissed and SWM shall take nothing thereby.

## D. SWM v. Lee

I.S. Lee is being sued on the incorrect premise that he owns the vessel Kwang Yang #5. The evidence reveals that the vessel's registered owner is the "Kyung Yang Trading Co., Ltd." SWM's complaint against I.S. Lee shall, therefore, be dismissed and SWM shall take nothing thereby.

## E. Proceeds In Rem

■ While the evidence clearly establishes that KDSFA holds a preferred maritime lien to the M/V Corona #1, it was also equally clear that while the M/V Corona #1 remained under process of this court, SWM had to suffer the continued mooring of the vessel at its dock for a period of 5 months principally because nobody else would take responsibility for securing the same. We find that value of this service to the *res* was well in excess of $1,000. It goes without saying that the safe haven provided at SWM's dock to the effectively abandoned M/V Corona #1 pending its disposition by court ordered sale, inured not only to the benefit of the *res* itself but to the benefit of all the parties concerned. In these

circumstances; the court has inherent equitable power to give priority to costs arising out of the administration of property within its jurisdiction. *See New York Dock Co. v. SS Pozan*, 274 U.S. 117 (1927); *Kingsgate Oil v. M/V Star*, 815 F.2d 918 (3d Cir. 1987).

We hold that equity and good conscience requires that SWM be first compensated from the sale proceeds of the *res* for the reasonable value of mooring services while the vessel was in *custodia legis*. We so exercise our discretion and accordingly direct that the $1,000 on deposit with the registry of the court, together with any accumulated interest, be paid to SWM to defray mooring costs in *custodia legis*. Judgment will enter in accordance with the foregoing.

It is so ordered.