United States Court of Appeals,

Fifth Circuit.

No. 96-30433.

BEAUREGARD, INC., Plaintiff-Appellee,

Offshore Specialty Fabricators, Inc., Intervenor Plaintiff-Appellee,

v.

SWORD SERVICES L L C, Intervenor-Appellant,

v.

DRAGON I BARGE, in rem, Defendant.

March 18, 1997.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before JOLLY, JONES and WIENER, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

I

This case, involving an *in rem* admiralty action against the barge the "Dragon I," was initiated by Beauregard, Inc., an equipment lessor who held a first preferred ship mortgage. Beauregard properly arrested the Dragon I. Following Beauregard's seizure of the barge, several other entities intervened claiming maritime liens, and also seized the barge. Each intervenor was ordered to share in the cost of the Dragon's maintenance.[1]

Sword Services, L.L.C., moved to intervene to assert a maritime lien securing $654,817 owed for work on the barge. The

_____

[1]The district court ordered that each of the three parties pay one-third of the custodia legis expenses.

district court unconditionally granted Sword's motion. Beauregard then filed a motion to dismiss Sword's Complaint for Intervention, contending that Sword should be required to arrest the Dragon, and share in the *custodia legis* expenses. The district court denied Beauregard's motion to dismiss, but ordered Sword to seize the barge and share in the *custodia legis* costs of maintaining the barge. The court expressly noted that if Sword failed to seize the Dragon I, Sword's complaint for intervention would be dismissed. When Sword failed to comply with this order, the district court dismissed Sword from the case. Sword appeals this dismissal. We affirm.

## II

The narrow issue presented by the parties is whether a district court can condition an intervenor's participation in an admiralty *in rem* case, upon the intervenor arresting the vessel, and sharing in its *custodia legis* expenses. We hold that it can.

Sword contends that because it is entitled as of right to intervene under Fed. Rule. Civ. P. 24(a)(2), the district court could not attach any conditions to its intervention.[2] Although not

---

[2]The district court granted Sword's intervention under Rule 24(b). It is undisputed that virtually any condition may be attached to a grant of permissive intervention. *See, e.g.,United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424 (10th Cir.1990); *Fox v. Glickman Corp.,* 355 F.2d 161, 164 (2d Cir.1965); Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d, § 1913, § 1922 (1986)("Since the court has discretion to refuse intervention altogether, it also may specify the conditions on which it will allow the applicant to become a party."). Nevertheless, we will assume that Sword is correct in contending that it may intervene as of right under Rule 24(a)(2).

2

without some controversy,[3] it is now a firmly established principle that reasonable conditions may be imposed even upon one who intervenes as of right. The Advisory Committee Note to the 1966 Amendment of Rule 24(a) provides: "An intervention of right under the amended rule may be subject to appropriate conditions or restrictions responsive among other things to the requirements of efficient conduct of the proceedings."[4] Courts generally have accepted the position of the Advisory Committee Note, and allowed various conditions to be imposed upon intervenors.[5] Scholarly commentators have also supported this view.[6] Therefore, we hold

---

[3] 7C Charles A. Wright, Arthur R. Miller, Mary Kay Kane, *Federal Practice and Procedure*, § 1922, at 505 ("It had been supposed ... that conditions could not be imposed on one who intervened of right and that he had all the privileges of an original party. Rule 24(a) does not authorize the imposition of conditions and the court, in theory at least, has no discretion to refuse intervention to one who satisfies the requirements of that rule.")

[4] One court has noted that this comment "was not an innovative suggestion but was instead the recognition of a well-established practice." *Shore v. Parklane Hosiery, Co.,* 606 F.2d 354 (2d Cir.1979) *citing Ross v. Bernhard,* 396 U.S. 531, 541 n. 15, 90 S.Ct. 733, 740 n. 15, 24 L.Ed.2d 729 (1970); *United States v. Massachusetts Bonding & Insurance Co.,* 303 F.2d 823, 826, 829 (2d Cir.1962); *Klein v. Nu-Way Shoe Co., Inc.,* 136 F.2d 986, 989 (2d Cir.1943); *Hall County Historical Soc., Inc. v. Georgia Depart. of Transp.,* 447 F.Supp. 741, 746 n. 1 (N.D.Ga.1978); *Alaniz v. California Processors, Inc.,* 73 F.R.D. 269, 288-89 (N.D.Cal.), modified on other grounds, 73 F.R.D. 289 (N.D.Cal.1976).

[5] *See, e.g., McDonald v. E.J. Lavino Co.,* 430 F.2d 1065, 1073 n. 7 (5th Cir.1970); *see also, Columbus-America Discovery Group v. Atlantic Mut. Ins. Co.,* 974 F.2d 450 (4th Cir.1992); *Southern v. Plumb Tools,* 696 F.2d 1321 (11th Cir.1983); *Ionian Shipping Co. v. British Law Ins. Co.,* 426 F.2d 186, 191-92 (2d Cir.1970).

[6] *See, e.g.,* Kennedy, Let's All Join In: Intervention under Federal Rule 24, 57 Ky.L.J. 329, 375 (1969); Shapiro, Some Thoughts on Intervention before Courts, Agencies, and Arbitrators, 81 Harv.L.Rev. 721, 752-56 (1968).

that the district court in this case had the power to place conditions upon Sword's participation in this action. This holding, however, does not resolve the separate question of whether the conditions actually imposed were reasonable.

Contending that the district court erred in directing it to seize the Dragon I, Sword points out that parties often intervene in *in rem* actions without seizing the property and sharing in the cost of maintaining it. This contention, however, shows at most that the district court was not *required* to condition intervention on Sword seizing the vessel, and sharing in the cost of maintaining her.

On the other hand, in its inherent powers to manage this litigation properly, the district court had the discretion to order a party to seize the vessel and divide the cost of the ship's maintenance among all the parties. Courts routinely enter orders that divide the *custodia legis* expenses among the parties of an *in rem* action. When such orders are entered is largely discretionary and vary in different cases. Often the party that filed a suit will pay the entire cost of maintaining the *res* until the resolution of the case. At the judicially ordered sale, the cost of maintenance is deducted from the sale proceeds before the remaining proceeds are divided among the claimants. Therefore, even when a single litigant advances the cost of maintenance, all claimants are eventually required to share in this cost.[7]

---

[7]*See, e.g., Certain Underwriters at Lloyds v. Kenco Marine Terminal, Inc.,* 81 F.3d 871 (9th Cir.1996).

4

A case analogous to the one before us arose in the Eleventh Circuit. In *Donald D. Forsht Associates, Inc. v. Transamerica ICS, Inc.,* 821 F.2d 1556 (11th Cir.1987) Transamerica filed an *in rem* complaint against four vessels. Other creditors followed by intervention, or by filing separate actions, later consolidated with the Transamerica suit. Transamerica arranged for the ships to be maintained by a private company whose rates were less than those charged by the United States marshal. Nevertheless, the sale price of the vessels was insufficient to cover the significant cost of maintenance. The Eleventh Circuit held that it was "inconceivable that by being the first party to arrest the vessels, ... Transamerica should become wholly liable for the administrative expense of maintaining the vessels." *Id.* at 1561. Similarly, we find that the district court's requirement that Sword share in the cost of maintaining the Dragon as the price of intervention to be an appropriate exercise of discretion.[8]

We think that the district court's order also derives some authority from 28 U.S.C. § 1921. This provision authorizes the United States marshal to collect expenses and fees for custody, which may be taxed by the court as litigation costs. Where a vessel is held in custody, the marshal may collect certain costs in advance:

---

[8]In some circumstances, requiring an intervenor to pay a per capita share of the cost of maintenance could be unreasonable. For example, an intervenor with a very small claim might not be forced to bare the same proportion of the cost of maintenance as a claimant with a large claim. In such circumstance, costs might be divided according to the relative size of each party's claim.

> The marshals shall collect, *in advance,* a deposit to cover the initial expenses for special services required under paragraph 1(E), and periodically thereafter such amounts as may be necessary to pay such expenses until the litigation is concluded. This paragraph *applies to all private litigants,* including seamen proceeding pursuant to section 1916 of this title.

28 U.S.C. § 1921(a)(2) (emphasis added).[9]

Finally, the district court enjoys broad equitable authority over the administration of maritime seizures. In *New York Dock Co. v. The Poznan,* 274 U.S. 117, 121, 47 S.Ct. 482, 484, 71 L.Ed. 955 (1927), the Supreme Court reversed a decision denying a dock owner priority for the expense it suffered while a vessel in *custodia legis* was maintained at its dock, stating that "the most elementary notion of justice would seem to require that services or property furnished upon the authority of the court ... for the common benefit of those interested in a fund administered by the court, should be paid from the fund as an "expense of justice.' " *Id.* The Court further explained that "[t]he court of admiralty is asked, in the exercise of its admiralty jurisdiction, to administer the fund within its custody in accordance with equitable principles as its wont." *Id.* at 122, 47 S.Ct. at 484.

---

[9]In some cases a district court has granted an intervenor as of right only a limited ability to participate in a case. For example, the district court may limit its participation to one issue in the litigation, or may restrict the intervenor's right to discovery. In contrast, in this case, the district court allowed the intervenor full participation in the case. The district court merely imposed the same conditions upon Sword, that were imposed upon the original party, and all subsequent parties to this action. An intervenor is generally treated as an original party to an action. *United Steelworkers of America v. Jones and Lamson Machine Company,* 854 F.2d 629, 630 (2d Cir.1988). It is hardly unreasonable to demand that as a party, the intervenor abides by the same rules as every other party to the action.

6

Thus, for the foregoing reasons we think that the district court did not err by requiring Sword to seize the vessel and share in the in *custodia legis* costs.

### III

Finally, we note that irrespective of whether the court committed error in entering the underlying order, the district court was within its authority to dismiss Sword as a sanction for its willful disregard of the order. *See, e.g., In re United Markets Intern., Inc.,* 24 F.3d 650, 654 (5th Cir.1994) (citing cases) (affirming order striking pleadings that had practical effect of dismissing claim with prejudice). *Id.* The Fifth Circuit has stated that severe sanctions should be reserved for bad faith and willful abuse of the judicial process. *Id.; Pressey v. Patterson,* 898 F.2d 1018, 1021 (5th Cir.1990). Sword's honest belief that the order was erroneous, made its refusal to obey no less "willful," and Sword was specifically warned that dismissal would be the sanction. We therefore conclude that the district court was within its discretion to dismiss Sword's intervention as a sanction for its willful disregard of the court's order.

For the reasons set forth above, the order of the district court is

A F F I R M E D.