**MURRAY v. SCHWARTZ et al.**

No. 246, Docket 21306.

United States Court of Appeals
Second Circuit.
May 27, 1949.

See also 83 F.Supp. 212.

Mahar & Mason, New York City (Frank C. Mason and Anthony J. Randolph, New York City, of counsel), for libellant-appellee.

Bernard Tompkins, New York City, for claimants-appellants.

Before L. HAND, Chief Judge, and AUGUSTUS N. HAND and FRANK, Circuit Judges.

FRANK, Circuit Judge.

It is conceded that, in the absence of the state statute on which appellees rely, the federal courts have no jurisdiction in admiralty to enforce this lien. A wharfage contract touching a dead ship is not mari-

time, and a contract which is not maritime cannot create a lien subject to the jurisdiction of admiralty. The Poznan, 2 Cir., 9 F.2d 838, 842–843; Robinson, Admiralty, 180.

The trial court, in full agreement with this proposition, nevertheless decided that there was jurisdiction to enforce the lien, by virtue of § 80 of the New York Lien Law. Even if that statute is by its terms applicable, we think the decision was erroneous. This case comes exactly within The H. E. Willard, C.C., 52 F. 387, 388, 389. There a statute of Maine purported to create a maritime lien on domestic vessels for the payment of debts for labor and materials necessary for their repair, provisions, stores and supplies, and for their wharfage. The libellants were part owners of the vessel; the libel was held to be equivalent to an accounting between the part owners; and Gray, Justice, said, "Nothing is better settled than that matters of account between part owners properly belong to a court of equity, and are not within the general jurisdiction in admiralty." The Maine statute, he said, could not give jurisdiction to the admiralty courts over such matters, for the jurisdiction of those courts was conferred by the Constitution and laws of the United States, and could not be changed by state legislatures. That holding applies with full force here. This case is quite different from those where the federal courts have enforced, in admiralty, maritime rights created by state statutes, such as The Lottawanna, 21 Wall. 558, 579, 580, 22 L.Ed. 654; The J. E. Rumbell, 148 U.S. 1, 12, 13, 13 S.Ct. 498, 37 L.Ed. 345; Just v. Chambers, 312 U.S. 383, 387, 392, 61 S.Ct. 687, 85 L.Ed. 903; and see the discussion in The City of Norwalk, D.C., 55 F. 98, 106. All those cases dealt with subject matters recognized to be maritime in nature.

We do not find it necessary to consider whether Congress could enlarge the admiralty jurisdiction to embrace this case. Cf. Detroit Trust Co. v. Barlum, 293 U.S. 21, 55 S.Ct. 31, 79 L.Ed. 176. Since we decide that the court had no jurisdiction, it is also unnecessary to pass upon appellant's alternative claim, that the Act of June 5, 1920, 46 U.S.C.A. §§ 911 et seq.,

975, has superseded § 80 of the New York Lien Law.

The decision must be reversed, without costs, and the libel dismissed.

Reversed.