**HANNA et al. v. THE METEOR et al.**

No. 150, Docket 21540.

United States Court of Appeals
Second Circuit.

Argued Jan. 10, 1950.

Decided Jan. 30, 1950.

---

Logan Cresap, Jr., New York City, for appellants.

Bernard Tompkins, New York City, for appellees.

Before AUGUSTUS N. HAND, CHASE and FRANK, Circuit Judges.

PER CURIAM.

This is an appeal from a final decree dismissing a libel against the Steamship Meteor for work, labor and material furnished to the vessel. The claimants of the vessel moved to dismiss the libel on the ground that the suit of the libellants was outside the maritime and admiralty jurisdiction.

The libel alleged that the libellants had made certain repairs and furnished material to the vessel upon the order of the owner amounting to $585 for which they had obtained a maritime lien in the amount of their claim which the owners of the vessel had refused to pay. The amended answer admitted the rendition of the services which consisted of painting the vessel, but denied that it was used in commerce in the business of carrying cargo and passengers for hire and denied that the matters in issue were within the admiralty and maritime jurisdiction of the court. Upon the pleadings and an affidavit of the proctor for the claimants to the effect that the painting of the vessel was above the waterline and that this court in another litigation—instituted by one Murray to establish a lien for wharfage—had held that the vessel was a "dead" ship not subject to a lien for wharfage, the claimants moved to vacate an attachment of the vessel and to dismiss the libel. The trial judge dismissed the libel upon the authority of our decision, above referred to, in Murray v. Schwartz, et al., 2 Cir., 175 F.2d 72. It is evident that the decree of the court below must be reversed. There is no evidence in the present record that the Meteor was a "dead" ship. On the contrary, the libel alleged that she was a vessel used by the owners in the general business of carrying cargo and passengers for hire. The denial of the allegation of admiralty jurisdiction in the amended answer raised an issue which must be disposed of upon a trial and not by the mere reference to the judgment in a suit by another libellant which was manifestly not *res judicata* in a suit by other parties.

It is argued that 46 U.S.C.A. § 971 [1] applied to this case, whether or not the Meteor was a "dead" ship, that our decision in Murray v. Schwartz, supra, related only to wharfage liens, and that liens for wharfage are not recognized upon vessels out of service and have received a special treatment by our courts of admiralty which in view of the above statute should not be given to services such as the libellants performed in the case at bar. While we see no justification for the attempted distinction between a lien for wharfage and a lien for repairs, if the vessel has been completely withdrawn from commerce, we must hold that the libellants are not bound by findings of fact made against a libellant in another suit, and are entitled to present their claim in their own way under the libel which they have filed.

For the foregoing reasons, the decree is reversed, with costs to the appellants, and the cause is remanded for trial on the merits.

---

1. "§ 971. Persons entitled to lien

"Any person furnishing repairs, supplies, towage, use of dry dock or marine railway, or other necessaries, to any vessel, whether foreign or domestic, upon the order of the owner of such vessel, or of a person authorized by the owner, shall have a maritime lien on the vessel, which may be enforced by suit *in rem*, and it shall not be necessary to allege or prove that credit was given to the vessel."