PER CURIAM.
Broward Marine, Inc. appeals from a partial summary judgment finding it liable for conversion of appellee’s vessel. We reverse.
In May, 1967, appellee Bernier brought his yacht, “the Dagon” (a 14 ton 1933 “classic” gas screw documented vessel), to Broward Marine for storage. Subsequently in 1974, the yacht was hauled from the water and placed in dry dock storage. It remained in this state for approximately six years during which time Mr. Bernier failed to pay any storage bills. Finally, in April, 1980, Broward Marine resorted to self-help. Claiming a valid possessory lien under sections 713.58(1)[1] and 713.60,[2] Florida Statutes (1983), Broward Marine sold *869 “the Dagon” pursuant to section 85.031(2), Florida Statutes (1983).[3] Thereafter, Mr. Bernier instituted suit, alleging that the sale constituted a conversion. He asserted that Broward Marine erred by not proceeding under federal admiralty law. The trial court agreed, holding that 46 U.S.C.A. § 975 (West 1975)[4] preempts the operation of section 85.031(2). Consequently, the court granted partial summary judgment finding that Broward Marine is liable in damages to Mr. Bernier.
On summary judgment, “the movant must show conclusively the absence of any genuine issue of material fact.” Wills v. Sears, Roebuck & Co., 351 So.2d 29, 30 (Fla.1977). “[T]he movant must prove a negative — the nonexistence of a genuine issue of material fact.” Ibid. “[I]f the evidence raises any doubt on an issue of material fact, or is such as will permit different reasonable inferences bearing on the existence of such an issue, summary judgment is not proper.” First Mortgage Investors v. Boulevard National Bank of Miami, 327 So.2d 830, 832 (Fla. 3d DCA 1976). In the case at bar, the extended period of dry storage coupled with other evidence about the dismantling of the ship’s engine raised a reasonable inference that “the Dagon” had become a “dead” vessel, i.e., unnavigable, removed from navigation or commerce and, thus, outside the ambit of 46 U.S.C.A. § 975. See generally, Murray v. Schwartz, 175 F.2d 72 (2d Cir. 1949); Frank B. Hall & Co. v. S. S. Seafreeze Atlantic, 423 F.Supp. 1205 (S.D.N.Y. 1976); Buck Kreihs Co. v. United States, 427 F.2d 770 (Ct.Cl.1970); 7A J. Moore and A. Pelaez, Moore’s Federal Practice ¶ .230[1] (2d ed. 1983). Since the movant, Mr. Bernier, failed to negate this inference, he cannot prevail on a motion for partial summary judgment.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
HURLEY, DELL and WALDEN, JJ., concur.

. Liens for labor or services on personal property.—
(1) In favor of persons performing labor or services for any other person, upon the personal property of the latter upon which the labor or services is performed, or which is used in the business, occupation, or employment in which the labor or services is performed.

. Liens for labor on or for vessels.— In favor of any person performing for himself or others, any labor, or furnishing any materials or supplies for use in the construction of any vessel or watercraft; and in favor of any person performing for himself or others, any labor or service of any kind, on, to or for the use or benefit of a vessel or watercraft, including masters, mates and members of the *869 crew and persons loading or unloading the vessel or putting in or taking out ballast; upon such vessel or watercraft, whether partially or completely constructed and whether launched or on land, her tackle, apparel and furniture.

. Remedies against personal property only; all lienors.—
(2) BY SALE WITHOUT JUDICIAL PROCEEDINGS. — When any person entrusts to any mechanic or laborer, materials with which to construct, alter or repair any article of value, or any article of value to be altered or repaired, and if the article is completed and not taken away, and the reasonable charges not paid, such mechanic or laborer may sell it after 3 months from the time such charges become due at public auction for cash but before the sale the mechanic or laborer shall give public notice of the time and place thereof, by notices posted for 10 days in 3 public places in the county, one of which shall be at the courthouse, and another in some conspicuous part of his shop or place of business. The proceeds of the sale, after payment of charges for construction or repair with the costs of the sale, shall be deposited with the clerk of the circuit court for the county, if the owner is absent, where they shall remain subject to the order of the person legally entitled thereto. The clerk shall be entitled to receive 5 percent on the proceeds for the care and disbursement thereof. Any person claiming a lien under s. 713.65, of part II of chapter 713, may enforce it by sale without judicial proceedings in the manner set forth herein after 1 month after the time the charges for which a lien is claimed become due.

. This chapter shall supersede the provisions of all state statutes conferring liens on vessels, insofar as such statutes purport to create rights of action to be enforced by suits in rem in admiralty against vessels for repairs, supplies, towage, use of dry dock or marine railway, and other necessaries.