**Kathleen DELUCA, Plaintiff**

v.

**MYSTIC RIVER MARINA, INC., Fleet Bank, N.A. and M/V "Happy Hours" O.N. 563720, her engines, tackle, apparel, etc. Defendants.**

**Civil No. 3:97CV362(PCD).**

United States District Court, D. Connecticut.

Oct. 1, 1997.

David M. Bohonnon, New Haven, CT, for Plaintiff.

Michael E. Unger, Walker & Corsa, Stamford, CT, for Mystic Rivera Marina, Inc.

Michael J. Auger, Cohen, Auger, Burns & Hard, Hartford, CT, for Fleet Bank, N.A.

## RULING ON MOTION TO DISMISS

DORSEY, Chief Judge.

Defendant Mystic River Marina, Inc. ("defendant") moves to dismiss pursuant to Fed. R.Civ.P. 12(b)(1). For the reasons below, defendant's motion is denied.

## I. BACKGROUND

Plaintiff's vessel "Happy Hours" was subject to a preferred mortgage. Plaintiff claims that her vessel was improperly sold pursuant to C.G.S. §§ 49–55. Plaintiff argues that the sale was improper because the lien could only have been lawfully enforced in federal, not state, court.

Plaintiff alleges admiralty and diversity jurisdiction. Defendant moves to dismiss for lack of either kind of subject matter jurisdiction. First, defendant argues that there is no admiralty jurisdiction because the vessel was not federally documented at the time the vessel was sold. Second, defendant argues that plaintiff alleges an insufficient amount in controversy to sustain diversity jurisdiction.

Because admiralty jurisdiction exists, the motion to dismiss is denied without considering the sufficiency of the amount in controversy.

## II. ANALYSIS

### A. *Standard of Review*

When considering a 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, all material factual allegations in the complaint must be taken as true. *Atlantic Mut. Ins. Co. v. Balfour Maclaine Int'l,* 968 F.2d 196, 198 (2d Cir.1992) (citing *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)). Evidence outside of the pleadings may be considered to determine the existence of subject matter jurisdiction. *Kamen v. American Tel. & Tel. Co.,* 791 F.2d 1006, 1011 (2d Cir.1986) (citing *Exchange Nat'l Bank of Chicago v. Touche Ross & Co.,* 544 F.2d 1126, 1130–31 (2d Cir. 1976)).

### B. *Exclusive Federal Jurisdiction Of Documented Vessels*

Under the Federal Maritime Lien Act, district courts have exclusive jurisdiction over enforcement of preferred mortgage liens on federally documented vessels. 46 U.S.C. § 31325(c). Plaintiff's vessel was sold pursuant to state law. The propriety of this sale thus turns on whether the vessel was federally documented at the time of defendant's sale of the vessel. Defendant argues that although the vessel may have been documented at one time, it was not federally documented at the time of the sale. Defendant contends that plaintiff received a letter from the Coast Guard Documentation Office dated September 27, 1990, requesting the surrender of the certificate of documentation. Because plaintiff failed to comply with the request, the vessel was deleted from the documentation roll as evidenced by the Coast Guard's letter dated April 12, 1991. Defendant claims that the sale therefore need not have been conducted pursuant to 46 U.S.C. § 31325.

Notwithstanding invalidation of a vessel's documentation, *"until the certificate of documentation is surrendered* with the approval of the Secretary, a documented vessel is deemed to continue to be documented [for purposes of enforcing a preferred mortgage lien under § 31325] for an instrument filed or recorded before the date of invalidation ..."

46 U.S.C. § 12111(c)(1) (emphasis added). A vessel thus remains federally documented for purposes of exclusive federal jurisdiction under § 31325 despite the fact that the documentation has been rendered invalid, up until the certificate is surrendered. The legislative history demonstrates that this is the proper result. "[W]hen a person violates 121 of title 46, the certificate of documentation is rendered invalid. When this occurs, the certificate must be surrendered to the Secretary ... [U]ntil the surrender is approved by the Secretary, the vessel is still a 'documented' vessel for purposes of chapter 313 of title 46...." H.R. REP. NO. 100–918, at 6117 (1988).

It is undisputed that the certificate of documentation was never surrendered. It is also undisputed that the mortgage instrument was filed prior to invalidation of the vessel's documentation. The vessel therefore is "deemed to continue to be documented" for purposes of enforcing the preferred mortgage lien, and the lien could only have been enforced in federal court.

Defendant cites *Murray v. Schwartz,* 175 F.2d 72 (2d Cir.1949), to argue that since the vessel's documentation was invalid at the time of the sale, the Federal Maritime Lien Act could not have been invoked. However, *Murray* involved an inoperable vessel or a "dead ship" and is therefore inapplicable. *Murray,* 175 F.2d at 72 ("A wharfage contract touching a dead ship is not maritime, and a contract which is not maritime cannot create a lien subject to the jurisdiction of admiralty.") Plaintiff's vessel was not a "dead ship," so *Murray* is inapposite.

Defendant argues that plaintiff has failed to submit evidence that the vessel number was engraved on the boat and the certificate was kept on board as required by regulation. This argument is moot, since plaintiff has since filed an affidavit attesting to these facts.

Other arguments in defendant's reply brief are inapposite. Plaintiff's certificate of documentation may have been invalid per 46 C.F.R. § 67.171 as argued. However, as discussed above, the vessel continues to be documented for purposes of the preferred lien until the certificate is surrendered. 46 U.S.C. § 31325(c).

Finally, defendant's attempts to distinguish authority cited by plaintiff has no bearing on the outcome herein and need not be addressed.

Section 31325 does not specifically provide a remedy for the improper sale of vessels outside of a district court's exclusive jurisdiction. Nonetheless subject matter jurisdiction exists where "the right of relief depends upon the construction or application of the constitution or laws of the United States ..." *Smith v. Kansas City Title Co.,* 255 U.S. 180, 199, 41 S.Ct. 243, 245, 65 L.Ed. 577 (1921); *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808, 106 S.Ct. 3229, 3232, 92 L.Ed.2d 650 (1986). Although Smith and *Thompson* arise in the context of federal question subject matter jurisdiction, the same standard applies to admiralty jurisdiction. Plaintiff's right of relief depends on the application of § 31325, such that there is admiralty subject matter jurisdiction. The motion to dismiss is therefore denied.

## III. CONCLUSION

Defendant Mystic River Marina, Inc.'s motion to dismiss (doc 8), dated July 29, 1997, is **denied.** The motion to stay discovery pending resolution of the motion to dismiss (doc 10), dated July 29, 1997, is **denied as moot.**

SO ORDERED.