UNITED STEELWORKERS OF AMERICA, Plaintiffs–Appellants,

v.

JONES & LAMSON MACHINE COMPANY, INC. and Textron, Inc., Defendants–Appellees.

Docket No. 88–5023.

United States Court of Appeals, Second Circuit.

Argued Aug. 16, 1988.
Decided Aug. 19, 1988.

Warren H. Pyle, Angoff, Goldman, Manning, Pyle, Wanger & Hiatt, P.C., Boston, Mass., for plaintiffs-appellants.

Roy Babitt, Anderson Russell Kill & Olick, P.C., New York City, for defendant-appellee Jones & Lamson Mach. Co., Inc.

Before WINTER and MINER, Circuit Judges, and BILLINGS, District Judge.[*]

PER CURIAM:

This appeal presents the question whether, when the United States intervenes pursuant to 28 U.S.C. § 2403 (1982) solely to defend the constitutionality of a federal statute, an original party to the litigation has thirty or sixty days to file a notice of appeal under Fed.R.App.P. 4(a)(1).

In late 1986, Jones & Lamson ("J & L") filed for bankruptcy. Shortly thereafter the United Steelworkers ("Steelworkers") and several retired employees filed suit in the bankruptcy court seeking to recover retirement benefits under Section 2 of the 1986 Amendment to the Declaration of Taking Act, Pub.L. No. 99–656, 99–591, § 101(b), 100 Stat. 3668, 3341–74 (1986), 11 U.S.C. § 1106 note (1982 & Supp. IV 1986). When J & L moved to dismiss the complaint on grounds, *inter alia*, that Section 2 of the 1986 Amendment was unconstitutional, the government intervened, pursuant to 28 U.S.C. § 2403, to defend the constitutionality of the statute. The bankruptcy court dismissed the Steelworkers' complaint on June 30, 1987, 75 B.R.208. On April 7, 1988, the district court affirmed the decision of the bankruptcy court. The Steelworkers then filed a notice of appeal on June 2, 1988, fifty-six days after the district court's decision. J & L now moves to dismiss the Steelworkers' appeal as not timely filed.

Generally, a party has only thirty days after judgment to file a motion of appeal under Rule 4(a)(1). However, that Rule also provides that when the United States is a party, all parties to the litigation have sixty days to appeal. J & L argues that when the United States intervenes pursuant to 28 U.S.C. § 2403 it does not become a "party" to the action for the purpose of

determining the time in which to take an appeal under Rule 4(a)(1). We disagree. An intervenor is generally treated as an original party to the action. *See, e.g., United States v. Board of Educ. of Waterbury,* 605 F.2d 573, 576 (2d Cir.1979) ("An intervenor is certainly a *party.*") (emphasis in original); *see also* 7C C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1920, at 488 & n. 7 (1986). We perceive no reason pertinent to Rule 4(a)(1) to alter this general rule when the United States intervenes solely to defend the constitutionality of a statute. The United States certainly has sixty days to file an appeal in such cases, and the plain intent of Rule 4(a)(1) is to impose identical appeal periods on all parties to an action.

We therefore deny J & L's motion to dismiss for untimely filing of notice of appeal.