**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 6 2003**

**PATRICK FISHER**
**Clerk**

# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

---

FRED PATTEN; TERRY PATTEN,

      Plaintiffs-Appellants,

v.

FOLEY'S, also known as The May
Department Stores Company;
CAROLE BULLARD, Asst. Dept.
Mgr., personally and in her official
capacity; OMNI INSURANCE
GROUP, also known as The Hartford;
LAURA TORRES, Claims Adjuster,
Omni Insurance Group, personally
and in her official capacity;
CITIBANK USA; FIRST USA
BANK, N.A.; EXPERIAN; TRANS
UNION; EQUIFAX; SECURITY
SERVICES FCU (FEDERAL
CREDIT UNION); DON BATES;
DON BATES INSURANCE;
VOICESTREAM WIRELESS; BANK
OF AMERICA,

      Defendants-Appellees,

and

JOHN ASHCROFT, United States
Attorney General; DONALD
RUMSFELD, Secretary of Defense,

      Interested parties.

No. 02-1371
(D.C. No. 02-K-88 (MJW))
(D. Colo.)

## ORDER AND JUDGMENT [*]

Before **BRISCOE** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiffs Fred and Terry Patten, appearing pro se, appeal the district court's orders dismissing their complaint with prejudice and awarding defendants attorney's fees. We affirm.

## I.

Plaintiffs filed their pro se complaint on January 15, 2002, alleging the following:

> This dispute arises out of a stolen automobile that was stolen and destroyed. This vehicle was written-off by Omni Insurance Group A.K.A. The Hartford Group who took possession of the Vehicle. Omni Insurance Group A.K.A. The Hartford Group refused to pay the claim to the lien holder. This resulted in a fraudulent and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

-2-

perjured claim against the Plaintiffs. Subsequently Folleys [sic] A.K.A. The May Stores Company created a false and perjured claim that the Plaintiffs were bankrupt. Don Bates Insurance, Laura Torres (claims adjuster for Omni Insurance Group), Agents for the insurance company committed misprision of felony on this matter and acted with deliberate indifference against the Plaintiffs.

R., doc. 1 at 4. The remainder of plaintiffs' complaint alleges a variety of federal and state claims, with no specific facts to support any single theory, and with little relevant authority. The parties then filed thirty-eight separate motions that the district court addressed in its order dated April 12, 2002. In that order, the court denied plaintiffs' motion for recusal, denied a number of plaintiffs' other motions as groundless, and denied all other outstanding motions as moot. The court granted defendants' various motions to dismiss the complaint, finding that plaintiffs failed to state a federal claim. The court dismissed the federal claims with prejudice and declined to exercise supplemental jurisdiction over the remainder of plaintiffs' claims. The district court entered its final judgment on April 15, 2002, and plaintiffs filed their first notice of appeal with the district court on May 23, 2002.

Finding that plaintiffs' claims were "patently and egregiously groundless," the district court retained jurisdiction to consider motions by defendants for costs and fees associated with contesting the complaint. Plaintiffs did not object to any of defendants' submitted motions for fees, and on July 16, 2002, the district court

entered its judgment awarding attorney's fees to six defendants. Plaintiffs filed a second notice of appeal on August 14, 2002.

## II.

As a preliminary matter, we consider the contentions of defendants First USA Bank and Security Services Federal Credit Union that this court lacks jurisdiction over plaintiffs' appeal of the district court's April 15, 2002, final judgment dismissing plaintiffs' complaint. [1] While plaintiffs designated John Ashcroft and Donald Rumsfeld only as "interested parties" in the caption of their complaint, the body of that pleading indicates that plaintiffs sought a writ of

---

[1]     Contrary to Security Services Federal Credit Union's further contention, the district court did not lack federal subject matter jurisdiction over the merits of plaintiffs' claims. For this determination a federal court "must look to the way the complaint is drawn to see if it is drawn so as to claim a right to recover under the Constitution and laws of the United States." *Bell v. Hood,* 327 U.S. 678, 681 (1946). Where a complaint is so drawn, the court must entertain the suit unless "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Id.* at 682-83. Although this case presents a borderline situation, given plaintiffs' pro se status and the considerable benefit of the doubt we allow for their pleadings, we conclude that their complaint has been drawn to seek recovery under the Constitution and laws of the United States and falls under neither of *Bell's* two exceptions. Among other things, plaintiffs' complaint was drawn as seeking recovery for alleged violations of one or more of their constitutional rights and brought into question aspects of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681v, which conferred jurisdiction on the district court notwithstanding the failure of plaintiffs' allegations to ultimately sustain their cause of action. *See Bell,* 327 U.S. at 682.

mandamus compelling the Attorney General to investigate defendants' actions in this case and also asserted a claim that the Fair Credit Reporting Act is unconstitutional. The district court subsequently certified this latter claim of unconstitutionality to the Attorney General pursuant to 28 U.S.C. § 2403, which allows the United States to intervene in cases questioning the constitutionality of any Act of Congress affecting the public interest in order to present evidence and to argue on the question of constitutionality. The United States then entered the case by filing a motion to dismiss, which it argued at the motions hearing on April 12, 2002. Pursuant to Fed. R. App. P. 4(a)(1)(B), the addition of the United States as a party to the action afforded plaintiffs sixty days to file an appeal of the district court's final judgment dated April 15, 2002. *See United Steelworkers of Am. v. Jones & Lamson Mach. Co.,* 854 F.2d 629, 630 (2d Cir. 1988) (holding that when the United States intervenes pursuant to 28 U.S.C. § 2403, it becomes a party to the action for purposes of determining the time to appeal). While a timely notice of appeal is mandatory and jurisdictional, the technical requirements of the notice itself are liberally construed to avoid injustice. *See Smith v. Barry,* 502 U.S. 244, 248-49 (1992). Plaintiffs' pro se notice of appeal filed in the proper district court on May 23, 2002, though far from perfect,

conveyed their intent to appeal the judgment in District Court No. 02-K-88, and is sufficient for this court to reach the merits of this case. [2]

### III.

The district court concluded that plaintiffs failed to state a federal claim and granted defendants' various motions to dismiss "under the standards set forth in *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991) for evaluating the complaints of *pro se* plaintiffs." R., doc. 127 at 2. *Hall* permits a district court to dismiss a complaint for, among other things, failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) if it "appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Hall,* 935 F.2d at 1109 (quotation omitted). "[W]e review de novo the district court's grant of a motion to dismiss pursuant to 12(b)(6)." *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997).

While Fed. R. Civ. P. 8(a) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the court in *Hall* clarified that "conclusory allegations without supporting factual averments are insufficient to

---

[2] To the extent that plaintiffs' notice of appeal also requests a transfer of the appeal to the United States Court of Appeals for the District of Columbia Circuit, that request is denied.

state a claim on which relief can be based." *Hall,* 935 F.2d at 1110. In the present case, plaintiffs' complaint is wholly conclusory. Moreover, the numerous and often unnecessary pleadings filed by plaintiffs subsequent to their complaint have added no facts from which the district court could reasonably conclude that plaintiffs have stated a viable federal cause of action. Accordingly, we conclude that Rule 12(b)(6) provides a sufficient basis for dismissal of plaintiffs' federal claims.

The district court stated that, to the extent plaintiffs asserted any state law claims, the court declined to exercise supplemental jurisdiction over them. We review a district court's decision to decline supplemental jurisdiction for abuse of discretion. *See Gold v. Local 7 United Food & Commercial Workers Union,* 159 F.3d 1307, 1310 (10th Cir. 1998). After reviewing each of plaintiffs' claims in the present case, we conclude that the district court did not abuse its discretion in declining supplemental jurisdiction after it dismissed all of the claims over which it had original jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (permitting a district court to decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction).

Plaintiffs spend much of their brief on appeal making unsubstantiated arguments that the trial judge was personally biased toward them in this case, that he improperly refused to disqualify himself, and that he wrongfully imposed

sanctions on them after dismissing their complaint.  We review a district court's

denial of a motion to recuse, as well as its determination awarding attorney's fees,

for abuse of discretion.  *See United States v. Burger,* 964 F.2d 1065, 1070

(10th Cir. 1992) (denial of motion to recuse); *Smith v. Diffee Ford-Lincoln-*

*Mercury, Inc.,* 298 F.3d 955, 968 (10th Cir. 2002) (award of attorney's fees).

The district court denied plaintiffs' motion to recuse for failure to meet the

objective standard set forth in 28 U.S.C. § 455.  Plaintiffs have not provided,

nor have we found, anything from the record to convince us that the district court

abused its discretion in making this determination or that the trial judge was in

any way biased in this matter.  Likewise, plaintiffs have directed us to nothing in

the record to demonstrate the district court acted beyond its settled authority "to

sanction conduct that abuses the judicial process."  *Towerridge, Inc., v. T.A.O.,*

*Inc.,* 111 F.3d 758, 765 (10th Cir. 1997).  As noted previously, the district court

found plaintiffs' claims to be "patently and egregiously groundless," a finding

undisputed by plaintiffs in either the district court or in this court on appeal.

Moreover, our review of the record confirms that plaintiffs have acted in bad faith

in pursuing this litigation. [3] Under the circumstances, the district court did not abuse its discretion in awarding attorney's fees to defendants.

This court has often said that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall,* 935 F.2d at 1110 (citing *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)). Accordingly, due to plaintiffs' pro se status, we have read their brief on appeal with tolerance, affording them a great deal of leniency in articulating their arguments of error. Nevertheless, plaintiffs' obvious dissatisfaction with the outcome of their case does not persuade us that the district court erred in its disposition of this matter. We have carefully reviewed plaintiffs' brief under the standard of liberality announced in *Haines*, and we conclude that plaintiffs' remaining allegations of error are without merit. Any remaining requests for relief by plaintiffs are also denied.

---

[3]     We note that, due primarily to plaintiffs' actions in this case and their "[g]roundless and vexatious litigation" in related case No. 02-RB-433, the district court imposed significant filing restrictions on plaintiffs to curb their abusive litigation tactics. *Sri David Conrad Roberts, Fred Patten, and Terry Patten v. U.S. Marshals Serv.,* No. 02-RB-433, doc. 34 at 2 (D. Colo. June 4, 2002).

## IV.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court


Stephen H. Anderson
Circuit Judge